DENEWETH *v.* STATE TREASURER

1. MANDAMUS—CONSTITUTIONAL LAW—STATUTES.
   The constitutionality of a statute may be tested in a mandamus proceeding.

2. MANDAMUS—CONSTITUTIONAL LAW—JUDGES' SALARIES—STATUTES.
   The constitutionality of a law limiting judges' salaries may be tested in a mandamus action to compel the State Treasurer to pay the state portion of the salaries (MCLA § 600.555).

3. CONSTITUTIONAL LAW—JUDGES' SALARIES—COUNTY SUPPLEMENT—LIMITATION—STATUTES.
   A statute that reduces a judge's state salary to the extent that that salary is supplemented by a county salary beyond $30,000 is an unconstitutional restriction on the right of a county to supplement the judge's state salary (Const 1963, art 6, § 18; MCLA § 600.555).

Original action in the Court of Appeals. Submitted Division 2 February 1, 1971, at Lansing. (Docket No. 7793.) Decided April 20, 1971. Affirmed by Supreme Court, 385 Mich 763.

Complaint by George R. Deneweth, Edward J. Gallagher, and Howard R. Carroll, Circuit Judges of the 16th Judicial Circuit, for mandamus against Allison M. Green, State Treasurer, to compel payment of salaries. Judgment for plaintiffs.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur 2d, Mandamus § 94 *et seq.*
[2] 52 Am Jur 2d, Mandamus § 294 *et seq.*
[3] 46 Am Jur 2d, Judges § 62 *et seq.*

*James C. Daner (Dykema, Wheat, Spencer, Goodnow & Trigg,* of counsel), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Charles D. Hackney* and *Stewart H. Freeman,* Assistants Attorney General, for defendant.

Before: QUINN, P. J., and McGREGOR and O'HARA,* JJ.

McGREGOR, J. Plaintiffs, judges of the Macomb county circuit court, bring a *mandamus* action against the State Treasurer, seeking to compel him to pay them the full $20,000 annual state salary prescribed by statute. The statute is set out in full as follows:

"Each circuit judge shall receive an annual salary of $20,000.00 payable by the state. The boards of supervisors in their discretion may vote to pay the circuit judge or judges of their respective counties a salary in addition to the amount of the state salary. In no case shall the total of the salary payable by the state plus the salary payable by the county exceed $30,000.00. Wherever county board of supervisors supplements the state salary so that the total of the state and county salaries would exceed $30,000.00, the salary payable by the state shall be reduced so that the total of the state and county salaries is $30,000.00." MCLA § 600.555 (Stat Ann 1970 Cum Supp § 27A.555) as amended, PA 1966, No 252.

Until March, 1969, plaintiffs each received a salary at the rate of $20,000 annually from the State of Michigan, and $11,000 from the County of Ma-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

comb, for a total salary of $31,000. In March, 1969, the State Treasurer, pursuant to PA 1966, No 252, decreased state-paid compensation to $19,000.

Plaintiffs filed a petition for a writ of mandamus in this Court on July 23, 1969; their complaint alleges that the $30,000 total annual salary limitation of PA 1966, No 252, violates the Michigan Constitution of 1963 in these respects:

1. It infringes upon the county's right to supplement the salary of its judges, in violation of Const 1963, art 6, § 18, ¶ 2;

2. It requires a decrease in the judges' salaries during their terms of office, in violation of Const 1963, art 6, § 18, ¶ 1;

3. It diminishes the judges' rights in pension and retirement plans, in violation of Const 1963, art 9, § 24.

Defendant first questions whether *mandamus* is the proper action for the relief which is sought. The principles governing the availability of this legal remedy were reviewed in *Toan* v. *McGinn* (1935), 271 Mich 28, 34, where it was said:

"The applicable rules are clear. To support mandamus, plaintiffs must have a clear legal right to performance of the specific duty sought to be compelled; defendants must have the clear legal duty to perform such act; and it must be a ministerial act, one 'where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.'" 38 CJ p 598, cited with approval in *Solo* v. *City of Detroit* (1942), 303 Mich 672, 676, 677; *Mardiros* v. *Secretary of State* (1968), 11 Mich App 541.

It is defendant's position that the statute requires him to do exactly as he did, and that he had a clear legal duty to do as he did. Defendant argues that

this duty precludes the use of *mandamus* even though the constitutionality of the statute which creates the duty is in question. We do not agree. The Supreme Court has recognized the right to litigate constitutional questions in a *mandamus* action. *Giddings* v. *Secretary of State* (1892), 93 Mich 1; *Scholle* v. *Secretary of State* (1962), 367 Mich 176.

Procedurally analogous is the recent case of *Wolverine Golf Club* v. *Secretary of State* (1970), 24 Mich App 711. Plaintiff therein sought to compel the Secretary of State to accept an initiative petition for submission to the legislature. Defendant's contention was that he had complied with his duty, as defined by statute; plaintiffs urged that the statute itself was unconstitutional. The trial court therein concluded that mandamus was the proper remedy, if plaintiffs were entitled to relief. We find that mandamus is a proper action in the instant case.

One of the constitutional provisions applicable herein is Const 1963, art 6, § 18, which provides:

"Sec. 18. Salaries of justices of the supreme court, of the judges of the court of appeals, of the circuit judges within a circuit, and of the probate judges within a county or district, shall be uniform, and may be increased but shall not be decreased during a term of office except and only to the extent of a general salary reduction in all other branches of government.

"Each of the judges of the circuit court shall receive an annual salary as provided by law. In addition to the salary received from the state, each circuit judge may receive from any county in which he regularly holds court an additional salary as determined from time to time by the board of supervisors of the county. In any county where an additional salary is granted, it shall be paid at the

same rate to all circuit judges regularly holding court therein."

Defendant concedes that the legislature may not constitutionally place a ceiling upon the salaries to be paid to circuit judges. Defendant contends that there is no factual support on this record to demonstrate the existence of any ceiling. The question, argues the defendant, is whether the legislature has the authority, consistent with the constitution, to provide that the state salary of a circuit judge may be reduced to the extent that the supplement by the county, when added to the basic sum of $20,000 would exceed the total sum of $30,000. Defendant concludes that PA 1966, No 252 is not repugnant to Const 1963, art 6, § 18.

When the question of judges' salaries arose in the State Constitutional Convention of 1961,[1] Delegate Danhof indicated that separate state and county action was contemplated in wording the final provision and, in response to the question whether the second paragraph of § 18 was necessary, Delegate Danhof said:

" * * * It is very possible that what [Mr. Wagner] you say is absolutely true, that the legislature could provide that counties within the circuit could supplement the salary granted by the state, which is now $12,500.00.[2] It is also true, however, that

---

[1] The Court may consider the record of the Constitutional Convention as an interpretative aid. *Burdick* v. *Secretary of State* (1964), 373 Mich 578, 584; *Beech Grove Investment Co.* v. *Civil Rights Commission* (1968), 380 Mich 405; *Wolverine Golf Club* v. *Secretary of State* (1970), 24 Mich App 711.

[2] The reference to $12,500 in Delegate Danhof's remarks was to PA 1954, No 155, wherein the circuit judges and the recorder's court judges' salaries were then $12,500. The statute set out:

"Each circuit judge and each of the judges of the recorder's court shall receive an annual salary of $12,500.00. The amount herein provided shall be compensation in full for all services performed by each of said judges in this state, unless the board of supervisors shall have, or at any regular session hereafter shall vote to pay the

they could prohibit this. * * * but it is a prohibition against the legislature prohibiting the contribution by counties within a circuit.

"* * * It seems to me that it was not too long ago that there was attempted to be imposed a maximum salary, if I'm not mistaken. Maybe some of the delegates from Wayne County can recall that a little better than I could, but it seems to me that it was not too many years ago that the legislature endeavored to limit what could be contributed by the counties and it was found to be unconstitutional." 1 Official Record, Constitutional Convention 1961, p 1532.

---

circuit judge regularly holding court in such county or unless the common council shall vote or shall have voted to pay the judges of the recorder's court, an amount in addition to the salary herein designated: Provided, That if the board of supervisors shall have heretofore or hereafter voted an additional amount which when added to said annual salary will exceed a total of $22,500.00, said annual salary shall be such part of $12,500.00 as shall, when added to said additional amount, not exceed $22,500.00."

When the legislature implemented this constitutional provision, Const 1963, Art 6, § 18, it revised the 1954 enactment:

"Each circuit judge shall receive an annual salary of $15,000.00 payable by the state. The boards of supervisors in their discretion may vote to pay the circuit judge or judges of their respective counties a salary in addition to the amount of the state salary." PA 1963, No 172.

In PA 1965, No 284, however, the legislature re-inserted the 1954 language retaining the $15,000 state payment, but providing for a reduction in the payment if the county supplement extended the judge's salary beyond $30,000.:

"Each circuit judge shall receive an annual salary of $15,000.00 payable by the state. The boards of supervisors in their discretion may vote to pay the circuit judge or judges of their respective counties a salary in addition to the amount of the state salary. In no case shall the total of the salary payable by the state plus the salary payable by the county exceed $30,000.00. When a county board of supervisors votes to increase the county portion of the salary so that the total of the state and county salaries would exceed $30,000.00, the salary payable by the state shall be reduced so that the total of the state and county salaries is $30,000.00."

PA 1970, No 248, is substantially the same as PA 1966, No 252, except that an annual state salary of $24,000 was payable, and provided that the total salary payable by the state plus the salary payable by the county shall not exceed $35,000 and that, if it shall, the salary payable by the state shall be reduced so that the total of the state and county salaries is $35,000.

Const 1963, Art 6, § 18, ¶ 2, grants any county the specific right to supplement a judge's salary. As Delegate Danhof, who was chairman of the judiciary committee at the Constitutional Convention, points out, the language was placed in the constitution as a "prohibition against the legislature prohibiting the contribution by counties within a circuit".

While PA 1966, No 252, is not an express prohibition on county supplementation, it effectively mitigates any attempt by counties within a circuit to provide their judges with more than a $30,000 salary. To say that the PA 1966, No 252 is only an interference and does not place a "ceiling" on the amount that can be paid to circuit judges by the county is merely to engage in semantic exercise. The act curtails the right of the county board of supervisors (now commissioners) to supplement the judges' salaries, since any supplementation will automatically be nullified by a simultaneous reduction in the state salary. The following rule of law is governing, in determining whether the entire statute or only a portion thereof is unconstitutional:

"Sec. 5. In the construction of statutes of this state the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature, that is to say:

"If any portion of an act or the application thereof to any person or circumstances shall be found to be invalid by a court, such invalidity shall not affect the remaining portions or applications of the act which can be given effect without the invalid portion or application, provided such remaining portions are not determined by the court to be inoperable, and to this end acts are declared to be severable." MCLA § 8.5 (Stat Ann 1969 Rev § 2.216).

Consonant with this statute, beginning

"Each circuit judge shall receive an annual salary of $20,000.00 payable by the state. The boards of supervisors in their discretion may vote to pay the circuit judge or judges of their respective counties a salary in addition to the amount of the state salary"

is separable from the remainder of subsection (1) of MCLA § 600.555 (Stat Ann 1970 Cum Supp § 27A-.555) as amended by PA 1966, No 252, and the remainder of subsection (1) is stricken, as being repugnant to Const 1963, art 6, § 18.

Plaintiffs' complaint for *mandamus* is granted, with the directions that the State Treasurer pay to the said plaintiffs the full salary, in the amount of $20,000, from March, 1969. Nevertheless, because of the administrative order of the Supreme Court of February 3–4, 1969,[3] the effectiveness of this opinion is stayed until the further order of the Supreme Court.

Having decided as we do, the other issues raised by plaintiffs need not be decided herein.

No costs, a public question being involved.

All concurred.

---

[3] The pertinent part of the Supreme Court memorandum to the Court Administrator, from the minutes of its conference of February 3–4, 1969, reads: "* * * that until such time as this Court is called upon to make a judicial determination with respect to the constitutionality of the statute, it is the administrative order that the statute be complied with by the Court Administrator."