ELLIOTT v GENESEE COUNTY

Docket No. 90121. Submitted April 8, 1987, at Lansing. Decided
   February 1, 1988.
Genesee County pays circuit and probate judges within its juris-
   diction longevity pay based on years of service. Philip C. Elliott
   is a circuit judge in the Genesee circuit entitled to longevity
   pay. The county paid Elliott longevity pay but refused to pay a
   longevity pay increase which would have caused his salary to
   be in excess of ninety-two percent of the salary of a justice of
   the Supreme Court, thus causing the county to lose its partial
   reimbursement from the state of additional salaries paid to
   judges pursuant to the salary limitations in the Revised Judica-
   ture Act. Elliott brought an action in the Genesee Circuit Court
   against the county and the state for a declaratory judgment
   that longevity pay was not additional salary within the salary
   limitation in the Revised Judicature Act. The court, Robert H.
   Campbell, J., so held. The state appealed.
   The Court of Appeals held:
   A judge's longevity pay is not additional salary within the
   meaning of the salary limitations in the Revised Judicature
   Act.
   Affirmed.
   E. F. Oppliger, J., did not participate.

Judges — Salary — Longevity Pay.
   A judge's longevity pay is not additional salary within the mean-
   ing of the salary limitations in the Revised Judicature Act
   (MCL 600.555; MSA 27A.555).

*Philip C. Elliott,* in propria persona.

*Ward Chapman,* for Genesee County.

*Frank J. Kelley,* Attorney General, *Louis J.*

References
Am Jur 2d, Judges §§ 62 *et seq.*
Validity of statutory classifications based on population-governmen-
   tal employee salary or pension statutes. 96 ALR3d 538.

*Caruso,* Solicitor General, and *Arthur E. D'Hondt* and *Michael A. Nickerson,* Assistant Attorneys General, for State of Michigan.

Before: M. J. KELLY, P.J., and HOOD and E. F. OPPLIGER,* JJ.

HOOD, J. Defendant-appellant, State of Michigan, appeals as of right from a declaratory judgment in favor of plaintiff, Philip C. Elliott. The case was decided on stipulated facts.

Genesee County had paid longevity pay as a fringe benefit to its union and nonunion employees for several years before 1976 and continues to do so. Longevity is paid at the rate of two percent after seven years, four percent after ten years, six percent after thirteen years, eight percent after sixteen years and ten percent after nineteen years of continuous full-time service. In 1976, Genesee County, by resolution 76-536, provided that Genesee County's employment fringe benefits, with the exception of personal days off, be afforded all at-large elected officers of the county and, as a result, all at-large elected officers of the county, but not judges, were thereafter paid longevity pay. Since resolution 76-536, the circuit judges and probate judges (who are elected by the county voters at large) sought to be included among the elected officers who were paid longevity as a fringe benefit.

On August 11, 1981, the Genesee County Board of Commissioners resolved "That effective immediately all fringe benefits presently being afforded Genesee County's at-large elected officials shall be provided to all circuit and probate judges regularly holding court in Genesee County." Since then longevity has been paid by Genesee County to probate and circuit judges, at-large elected county

* Circuit judge, sitting on the Court of Appeals by assignment.

officials and all county employees (except temporary, seasonal, student and part-time employees without benefits), but not district court judges, who are not elected at large, county wide.

Plaintiff is a Genesee Circuit Court judge. On December 3, 1984, plaintiff filed a complaint for declaratory judgment against defendants Genesee County and the State of Michigan. Plaintiff sought a determination of whether longevity compensation is "additional salary" within the meaning of 1980 PA 438, MCL 600.555; MSA 27A.555, which provides in pertinent part:

> (1) Each circuit judge shall receive an annual salary payable by the state in the amount provided by law. The county boards of commissioners in their discretion may vote to pay the circuit judge or judges of their respective counties a salary in addition to the amount of the state salary.
>
> (2) Except as provided in subsections (3) and (4), the state shall reimburse to a county paying an additional salary to a circuit judge a portion of that additional salary in an amount provided by law, unless the additional salary, including any cost-of-living allowance, payable by that county causes the total annual salary of a circuit judge to exceed 92% of the salary of a justice of the supreme court.

On December 31, 1983, plaintiff completed nineteen years of continuous full-time service as a judge, including two years as a probate judge and seventeen years as a circuit judge. At that time, he became eligible for a two percent increase in longevity pay. However, defendant Genesee County has not paid the increase because the Finance Department of the Supreme Court and defendant State of Michigan assert that such an increase would cause plaintiff's salary to be in excess of ninety-two percent of the salary of a Michigan

Supreme Court justice, and that the defendant
county would consequently lose its partial reim-
bursement from the state due to the language of
subsection 4 of § 555 which provides:

> (4) Nothwithstanding the limitations of subsec-
> tion (2) or (3), the state shall reimburse a county
> pursuant to subsection (2) or (3), even if the addi-
> tional salary, including any cost-of-living allow-
> ance, payable by that county on the effective date
> of this subsection causes the total annual salary of
> a circuit judge to exceed 92% of the salary of a
> justice of the supreme court payable on the effec-
> tive date of this subsection. However, if the addi-
> tional salary of a circuit judge increases beyond
> the amount payable to the judge on the effective
> date of this subsection, and if the total annual
> salary of the judge exceeds 92% of the salary of a
> justice of the supreme court, the county shall
> return to the state an amount paid under subsec-
> tion (2) or (3) during that state fiscal year, and
> shall be ineligible to receive reimbursement under
> subsection (2) or (3) until the total annual salary of
> the circuit judge does not exceed 92% of the salary
> of the justice of the supreme court. [MCL 600.555;
> MSA 27A.555.]

Defendant State of Michigan answered plaintiff's
complaint by filing a motion for summary judg-
ment pursuant to GCR 1963, 117.2(3), now MCR
2.116(C)(10), based on the absence of any genuine
issue of material fact. Judge Robert H. Campbell,
sitting in Genesee Circuit Court by assignment,
issued an opinion in which he held that longevity
pay is not "additional salary" as stated in § 555.
Judge Campbell further held that the subsequent
addition of the words "and longevity payments" to
§ 555 by § 17(5)(c) of 1985 PA 104 was an unconsti-
tutional attempt to amend § 555, and severed
those words from § 17(5)(c). We agree with Judge
Campbell's conclusions.

As noted by Judge Campbell in his opinion, § 555 expressly includes COLAS as "additional salaries" but is completely silent as to longevity pay. An important rule in statutory construction is that every word is presumed to have meaning and no word or phrase of a statute should be treated as surplusage or rendered nugatory if at all possible. *Baker v General Motors Corp,* 409 Mich 639, 665; 297 NW2d 387 (1980). Another principle of statutory construction is that the express mention in a statute of one thing implies the exclusion of other similar things *(expressio unius est exclusio alterius), Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971); *People v Wurm,* 158 Mich App 265; 404 NW2d 235 (1987). Applying these rules, it appears that the Legislature intended that COLAS be treated as "additional salary" but not that other types of payments on top of salary should be so treated.

We do not accept defendant State of Michigan's argument that longevity payments were not mentioned by the Legislature because the concept of longevity pay clearly and obviously fits the definition of salary, making mention of it unnecessary. In MCL 46.12a(2); MSA 5.333(1)(2), longevity pay is defined as

> increments of compensation payable at annual or semiannual intervals and based upon years of service to the county, *exclusive of compensation* provided for a given class of positions. [Emphasis added.]

In *Beach v Kent,* 142 Mich 347, 356; 105 NW 867 (1905), our Supreme Court defined salary as "a fixed annual or periodical payment for services depending upon the time and not upon the amount of services rendered." A comparison of these defi-

nitions suggests that the longevity pay is in the nature of a fringe benefit, and, unlike a salary, is based not just on the position held, but on length of service to a particular employer.

It is also noted that art 6, § 18 of the Michigan Constitution of 1963 states:

> Salaries of justices of the supreme court, of the judges of the court of appeals, of the circuit judges within a circuit, and of the probate judges within a county or district, shall be uniform, and may be increased but shall not be decreased during a term of office except and only to the extent of a general salary reduction in all other branches of government.
>
> Each of the judges of the circuit court shall receive an annual salary as provided by law. In addition to the salary received from the state, each circuit judge may receive from any county in which he regularly holds court an additional salary as determined from time to time by the board of supervisors of the county. *In any county where an additional salary is granted, it shall be paid at the same rate to all circuit judges regularly holding court therein.* [Emphasis added.]

It could be argued that, if longevity pay were to be considered part of a circuit judge's salary, then the above provision of the state constitution would be violated because all the judges of a particular circuit may not be entitled to the same longevity pay, and some may not be entitled at all. Clearly construction upholding the validity of a statute is favored over unconstitutional construction. *People v Downes,* 394 Mich 17, 27; 228 NW2d 212 (1975).

In addition, when § 555 was being considered, the Legislature specifically rejected an amendment which would have added the words "and any longevity payment" to § 555. The State of Michigan has argued that rejection of that amendment

could be interpreted to mean that the Legislature believed that the definition of salary already covered longevity payments. However, a court should not, absent a "clear and cogent reason to the contrary," give a statute a construction that the Legislature plainly refused to give. *University Medical Affiliates, PC v Wayne Co Executive,* 142 Mich App 135, 140; 369 NW2d 277 (1985). The Legislature plainly refused to add the words "and any longevity payments" to § 555 when offered a proper opportunity, and we also refuse to do so. We therefore conclude, as did Judge Campbell, that longevity pay is not additional salary within the meaning of § 555.

We also agree with Judge Campbell's conclusion as to the effect of 1985 PA 104. Section 17(5)(c) of 1985 PA 104 sets the amount of reimbursement to counties for additional salaries paid and includes the words "and longevity payments." Under Const 1963, art 4, § 25, a statute may be amended only by being reenacted and published. Section 17(5)(c) includes the phrase "and longevity payments" in stating that the "total annualized salary" of a judge may not exceed ninety-two percent of the salary of a Supreme Court justice. The phrase "and longevity payments" is not found, of course, in § 555. We have already concluded that it is not "obvious" that salary includes longevity payments and agree with Judge Campbell that the phrase was not added merely to clarify § 555 but was added as an attempt to amend § 555.

A similar issue arose in *Berrien Co v Michigan,* 136 Mich App 772; 357 NW2d 764 (1984). There, the Legislature had attempted to place contingencies on the receipt of revenue-sharing funds from the state in Department of Social Services appropriations acts. The offending provision referred by title to the revenue-sharing act, and this Court

found that the provision violated Const 1963, art 4, § 25. In the present case, § 17 of 1985 PA 104 does not refer to MCL 600.555; MSA 27A.555, but does add the phrase, "and longevity payments," so as to amend § 555 without reenactment and publishing.

Under MCL 8.5; MSA 2.216, if any portion of an act is found invalid, such invalidity shall not affect the remaining portions of the act. Thus the offending portions may be severed. See *Deneweth v State Treasurer,* 32 Mich App 439; 189 NW2d 10 (1971), aff'd 385 Mich 762 (1971). Judge Campbell's severance of the phrase "and longevity payments" was proper.

Our conclusion that longevity pay is not included in the term additional salary obviates the necessity of our ruling on the constitutionality of § 555.

Affirmed.

E. F. OPPLINGER, J., did not participate.