## YOUNG v STATE OF MICHIGAN

Docket Nos. 102882, 102883. Submitted June 22, 1988, at Lansing. Decided September 6, 1988. Leave to appeal applied for.

Lynda Young, a minor, was injured and Hope Green died as a result of an automobile accident. Veralyn Young, as next friend of Lynda Young, filed suit in the Court of Claims against the State of Michigan, Department of State Highways on September 1, 1982. On December 8, 1982, Ricardo Contreras and Barbara J. Mead, as personal representative of the estate of Hope Green, filed suit against the State of Michigan, Department of Transportation. The cases were consolidated for trial. Judgments were entered in favor of each plaintiff on February 25, 1987. Defendant paid the principal amounts in late March and early April, 1987. Plaintiffs sought prejudgment interest. Defendant argued that plaintiffs were not entitled to prejudgment interest. The Court of Claims, Thomas L. Brown, J., denied plaintiffs' motion for prejudgment interest. Plaintiffs appealed.

The Court of Appeals *held:*

1. Since the provision in the Revised Judicature Act providing for prejudgment interest where no offer of settlement has been made and filed with the trial court prior to trial is remedial in nature, it should be applied to all cases in which the judgment was entered subsequent to the date of the adoption of that provision, October 1, 1986, even where, as here, the action was commenced prior to that date.

2. It is clear that the Legislature did not intend that the provision providing for prejudgment interest where there is no settlement offer should be effective only with respect to actions filed on or after January 1, 1987.

Reversed.

REFERENCES

Am Jur 2d, Damages §§ 662, 663, 669.

Am Jur 2d, Interest and Usury §§ 59-62.

Validity and Construction of state statute or rule allowing or changing rate of prejudgment interest in tort actions. 40 ALR4th 147.

JUDGMENTS — INTEREST — PREJUDGMENT INTEREST.

> The provision in the Revised Judicature Act which provides that, if a bona fide written offer of settlement is not made in a tort action by the party against whom a judgment is subsequently entered and filed with the court, the court shall order interest to be calculated on the judgment from the date of the filing of the complaint to the date of satisfaction of the judgment is applicable to all cases in which the judgment at issue is entered after the effective date of that provision, October 1, 1986; that provision is not limited to actions commenced on or after January 1, 1987 (MCL 600.6455[1], [2] and [5]; MSA 27A.6455[1], [2] and [5]).

*William G. Reamon, Sr.,* for Ricardo Contreras.

*Walter L. Harrison,* for Barbara J. Mead.

*Dilley, Dewey & Damon, P.C.* (by *Michael S. Condon*), for Veralyn Young.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Brenda E. Turner* and *Craig Atchinson,* Assistant Attorneys General, for defendant.

Before: WAHLS, P.J., and HOOD and N. J. KAUF-MAN,* JJ.

HOOD, J. Plaintiffs, Veralyn Young, as next friend of Lynda Lee Young, a minor, Ricardo Contreras, and Barbara J. Mead, personal representative of the estate of Hope Elizabeth Margaret Green, deceased, appeal as of right a Court of Claims order entered August 19, 1987, denying plaintiffs' motions to assess prejudgment interest. We reverse.

The facts are uncontroverted. The plaintiffs' causes of action arose out of an automobile accident in Ottawa County. Plaintiff Young filed suit

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

against the defendant on September 1, 1982. Plaintiffs Contreras and Mead filed suit against defendant on December 8, 1982. During the course of litigation, defendant did not make any offer of settlement. The cases were consolidated, and a bench trial took place on November 17–21, 1986. A judgment was entered in favor of all the plaintiffs on February 25, 1987. Plaintiff Contreras was awarded $124,146.42, plaintiff Mead was awarded $52,067.00, and plaintiff Young was awarded $831,-047.01. The judgment provided that each of these judgments were with interest and costs to be taxed.

An order taxing costs was entered on May 6, 1987. The principal amount was satisfied for plaintiff Contreras on March 30, 1987, for plaintiff Mead on April 16, 1987, and for plaintiff Young on April 1, 1987. The taxed costs were also paid by defendant.

In this matter of first impression, the sole issue is whether prejudgment interest should be awarded under MCL 600.6455; MSA 27A.6455, as amended by 1986 PA 178, effective October 1, 1986. Each plaintiff filed a motion for the trial court to make a determination in regard to prejudgment interest. A hearing on this matter was held and the court denied plaintiffs' motions. This appeal followed.

The subsections of MCL 600.6455; MSA 27A.6455 applicable to the issue in the case are as follows:

> (1) Interest shall not be allowed upon any claim up to the date of the rendition of judgment by the court, unless upon a contract expressly stipulating for the payment of interest. All judgments from the date of the rendition of the judgment shall carry interest at the rate of 12% per annum

compounded annually, except that judgment upon a contract expressly providing for interest shall carry interest at the rate provided by the contract in which case provision to that effect shall be incorporated in the judgment entered. This subsection shall apply to any civil action based on tort filed on or after July 9, 1984. This subsection shall apply to any action, other than a civil action based on tort, filed on or after July 1, 1984 and any action pending before the court of claims on July 9, 1984.

(2) Except as otherwise provided in this subsection, for complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action shall be calculated from the date of filing the complaint at a rate of interest which is equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, pursuant to this section.

* * *

(5) Except as otherwise provided in subsection (3), if a bona fide, reasonable written offer of settlement in a civil action based on tort is not made by the party against whom the judgment is subsequently rendered, or is made and that offer is not filed with the court, the court shall order that interest be calculated from the date of filing the complaint to the date of satisfaction of the judgment.

Subsection (1) of the current statute is essentially the same as the entire previous statute. The specification of the date of July 9, 1984, in the current subsection (1) parallels the previous subsection (2), because this was the date that the prior statute became effective. However, the current statute has several additional subsections.

Plaintiffs concede that, if the current statute

stopped after subsection (4), they would not be entitled to prejudgment interest. Their cases were filed before July 9, 1984. However, trial was held and judgment entered after October 1, 1986, the effective date of the current statute. Subsection (5) of the current statute, however, provides that in civil actions based on tort, if no bona fide written offer of settlement is made by the party against whom judgment is eventually rendered, the trial court *shall* order that interest be calculated from the date of filing the complaint to the date of satisfaction of judgment. Defendant did not make a bona fide offer of settlement to any of plaintiffs.

The trial court held that MCL 600.6455; MSA 27A.6455 is to be applied prospectively. Its reasoning was that the general rule of construction is that statutes are to be applied prospectively unless they clearly state otherwise. Therefore, the trial court denied plaintiffs' motions for prejudgment interest.

As previously indicated, this is a case of first impression with respect to the interpretation to be given to this specific statute. While subsection (1) states to what cases subsection (1) shall apply, subsection (5) does not specifically indicate when subsection (5) is to apply.

The general rule is that the statute is presumed to operate prospectively unless a contrary intent is clear. *McGillis v Aida Engineering, Inc,* 161 Mich App 370, 373; 410 NW2d 817 (1987). *Allstate Ins Co v Faulhaber,* 157 Mich App 164, 166; 403 NW2d 527 (1987). However, if a statute is remedial in nature, an exception to the general rule is recognized. *McGillis, supra.*

If a statute is unambiguous, this Court will avoid further interpretation and will not vary the clear meaning of the statute. However, if the statute is ambiguous, it is this Court's duty to

effect the intent of the Legislature. *Action Auto, Inc v Anderson,* 165 Mich App 620, 628; 419 NW2d 36 (1988).

It is also a well established rule of statutory construction that none of the language of a statute should be treated as surplusage or rendered nugatory, if at all possible. *Elliott v Genesee Co,* 166 Mich App 11, 15; 719 NW2d 462 (1988). As we stated in *Action Auto, supra,* p 628:

> Additionally, ambiguous statutes are to be interpreted as a whole and construed so as to give effect to each provision and to produce a harmonious and consistent result. Specific words in a given statute are to be assigned their ordinary meaning, unless a different interpretation is indicated. *Erickson v Dep't of Social Services,* 108 Mich App 473; 310 NW2d 428 (1981). Further, the word "shall" is generally used to designate a mandatory provision, where the word "may" designates a provision which grants discretion. See, e.g., *Law Dep't Employees Union v City of Flint,* 64 Mich App 359; 235 NW2d 783 (1975).

The Legislature has clearly deemed MCL 600.6455; MSA 27A.6455 a remedial statute. It is part of the Revised Judicature Act. MCL 600.102; MSA 27A.102 states:

> This act [the RJA] is remedial in character, and shall be liberally construed to effectuate the intents and purposes thereof.

In *Denham v Bedford,* 407 Mich 517, 528-529; 287 NW2d 168 (1980), our Supreme Court was faced with the question of whether the prejudgment interest provisions of MCL 600.6013; MSA 27A.6013 were applicable to insurance contracts. In that case, the Supreme Court stated:

[I]t is clear that the prejudgment interest statute
*is* a remedial statute entitled to liberal interpreta-
tion. As has been noted, the prejudgment interest
statute is part of the RJA. Section 102 of the RJA
specifically enunciates the construction which
should be applied to provisions of the act[.] [Quote
and citation to statute omitted.] Thus, there can be
no question of the remedial nature of the interest
statute.

The title of 1986 PA 178, which amended MCL
600.6455; MSA 27A.6455, states that it is an act
"to amend sections . . . and 6455 of Act No. 236 of
the Public Acts of 1961, entitled as
amended . . . ," and goes on to quote the title of
the RJA. Therefore, there is no question that MCL
600.6455; MSA 27A.6455 is remedial in character
and, by the well established rules of construction,
to be applied retroactively. There is no language in
the statute which shows a contrary intent.

In *Ballog v Knight Newspapers Inc,* 381 Mich
527; 164 NW2d 19 (1969), an analogous situation
arose. In that case, MCL 600.6013; MSA 27A.6013,
another RJA provision, was amended after the
complaint was filed but before judgment was ren-
dered. Prior to the amendment, the statute pro-
vided that interest was to be calculated from the
date of judgment. The amendment provided that
interest was to be calculated from the date of the
filing of the complaint.

The *Ballag* Court held the rule in Michigan was
that, in determining costs, the law in existence at
the time of the judgment controls. *Ballag, supra,* p
534. The *Ballog* Court also noted that the Supreme
Court has repeatedly held that the Legislature is
presumed to know the statutory rules of construc-
tion. *Ballog, supra,* p 540. The *Ballog* Court stated,
citing and quoting *Hansen-Snyder Co v General
Motors Corp,* 371 Mich 480; 124 NW2d 286 (1963),

"that 'in the absence of language clearly showing a contrary intention,' we hold the amendment 'be held to operate retrospectively and apply to all actions accrued, pending, or future.' " *Ballog, supra,* pp 541-542.

Given that MCL 600.6455; MSA 27A.6455 is remedial and to be interpreted retrospectively, the question remaining in the present case is, in interpreting the subsections of this section in harmony, is subsection (5) an exception to the general rule of subsection (1), as plaintiff argues, or is it applicable only to cases where prejudgment interest is already allowed, as defendant argues.

MCL 600.6455(1); MSA 27A.6455(1) applies to actions filed prior to January 1, 1987. It precludes prejudgment interest on those cases. MCL 600.6455(2); MSA 27A.6455(2) applies to complaints filed on or after January 1, 1987. Prejudgment interest is allowed in those cases from the date of the filing of the complaint. The only way to harmonize the application of subsection (5) to defendant's argument is to interpret the awarding of interest under subsection (2) as being discretionary, not mandatory. Otherwise, subsection (5) would be meaningless. Subsection (2) states that interest on a money judgment "*shall* be calculated from the date of filing the complaint at a rate of interest . . . ." Defendant's position would require us to interpret this to mean that *if* the trial court decides to award interest, subsection (2) mandates the rate of interest that must be applied. Then, under subsection (5), if no bona fide offer of settlement is made, "the court shall order that interest be calculated from the date of filing the complaint to the date of satisfaction of the judgment."

Such an interpretation would be contrary both to established precedent and to the plain wording of the statute. It is well established that interest

on a money judgment is mandatory. *City of Warren v Dannis,* 136 Mich App 651, 662; 357 NW2d 731 (1984), lv den, 422 Mich 932 (1985); *State Highway Comm v Great Lakes Express Co,* 50 Mich App 170, 183; 213 NW2d 239 (1973). Further, the plain language of MCL 600.6455(2); MSA 27A.6455(2) is clear and indicates that calculation of interest is mandatory.

Given that the award of prejudgment interest in MCL 600.6455(2); MSA 27A.6455(2) is mandatory, then application of subsection (5) only to post-January 1, 1987, cases would make subsection (5) a nullity. Under subsection (2), all money judgments awarded in cases filed on or after January 1, 1987, include prejudgment interest. Therefore, subsection (5) would be meaningless. To construe this statute so that an entire subsection is meaningless is against the well accepted rules of statutory construction.

The only way to interpret subsection (5) in harmony with the rest of the statute and give it a meaningful purpose is to treat it as an exception to subsection (1). The interpretation of MCL 600.6455; MSA 27A.6455, therefore, is as follows: (1) in all cases filed on or after January 1, 1987, prejudgment interest from the date of the filing of the complaint would be awarded on all money judgments, MCL 600.645(2); MSA 27A.6455(2); (2) for cases filed prior to January 1, 1987, the general rule is that no prejudgment interest on money judgments is allowed, MCL 600.6455(1); MSA 27A.6455(1); and (3), however, if no bona fide written offer of settlement is filed with the court by the party against whom judgment is subsequently rendered, prejudgment interest will be awarded from the date of filing of the complaint, MCL 600.6455(5); MSA 27A.6455(5). Therefore, subsec-

tion (5) is a sanction for failing to make a bona fide, reasonable offer of settlement of the matter.

In the present case, since defendant did not make a bona fide offer of settlement, plaintiffs are entitled to prejudgment interest from the date of the filing of there complaints.

Reversed.