NIGGELING v DEPARTMENT OF TRANSPORTATION

Docket No. 114545. Submitted February 14, 1990, at Lansing. Decided May 21, 1990.

Janet Niggeling, as conservator for Jon W. Hill, obtained a money judgment against the Department of Transportation after trial of a tort action she filed against the department in the Court of Claims on July 27, 1986. The court, John D. Payant, J., awarded postjudgment interest and, upon a subsequent motion by plaintiff, awarded prejudgment interest. Defendant appealed, claiming a lack of statutory authority for the award of prejudgment interest.

The Court of Appeals *held*:

Under MCL 600.6455; MSA 27A.6455, prejudgment interest on a money judgment obtained in a tort action filed before January 1, 1987, is awardable at rates and for periods specified by § 6455 where (1) there was no bona fide, reasonable written offer of settlement made by the party against whom the judgment was subsequently rendered or, if such offer was made, it was not filed with the court, and (2) a bona fide, reasonable written offer of settlement was made by either party and filed with the court, but rejected by the other. Prejudgment interest is not awardable where a bona fide, reasonable written offer of settlement was made and accepted. Here, where there was no offer of settlement, the trial court correctly determined that prejudgment interest was awardable.

Affirmed.

JUDGMENTS — INTEREST — PREJUDGMENT INTEREST.

Pursuant to statute, prejudgment interest on a money judgment obtained in a tort action filed before January 1, 1987, is awardable at rates and for periods specified by statute where (1) there was no bona fide, reasonable written offer of settlement made by the party against whom the judgment was subsequently rendered or, if such offer was made, it was not

REFERENCES

Am Jur 2d, Interest and Usury §§ 96, 97.

Validity and construction of state statute or rule allowing or changing rate of prejudgment interest in tort actions. 40 ALR4th 147.

filed with the court, and (2) a bona fide reasonable written offer of settlement was made by either party and filed with the court, but rejected by the other; prejudgment interest is not awardable where a bona fide, reasonable written offer of settlement was made and accepted (MCL 600.6455; MSA 27A.6455).

*Blanton & Bowman, P.C.* (by *Michael Bowman*), and *Petrucelli & Petrucelli, P.C.* (by *Vincent R. Petrucelli*), for plaintiff.

*Frank J. Kelley,* Attorney General, and *Brenda E. Turner* and *Craig Atchison,* Assistant Attorneys General, for defendant.

Before: MICHAEL J. KELLY, P.J., and WAHLS and SAWYER, JJ.

SAWYER, J. The Department of Transportation appeals from an order of the Court of Claims granting interest on a judgment previously entered against it in a tort action. We affirm.

Jon W. Hill and his wife, Sarah Hill, were involved in a one-vehicle accident on August 24, 1985, at the interchange of US-23 and M-14 north of Ann Arbor. As a result of the accident, Jon Hill suffered a severe closed-head injury, resulting in permanent brain damage, left-side paralysis and permanent mental, emotional, and cognitive functional losses. On July 27, 1986, Janet Niggeling, as conservator for Jon Hill, brought an action against the Department of Transportation in the Court of Claims alleging defective highway design and intentional nuisance.

Following a twelve-day bench trial, the court found defendant negligent in not providing adequate warning and guide signs leading up to the interchange and in failing to maintain the highway markings. It found defendant twenty percent at fault and Sarah Hill, who was driving, eighty

percent at fault. The court entered a money judgment in the amount of $887,154 plus postjudgment interest at the rate of twelve percent and costs in favor of plaintiff.

Thereafter, plaintiff filed a motion to correct the judgment, asking the court to assess prejudgment interest from the date of the filing of the complaint. Following a hearing, the court ruled from the bench, granting plaintiff's motion. It is this grant of prejudgment interest which forms the sole issue on appeal.

MCL 600.6455; MSA 27A.6455, which controls the award of interest in an action in the Court of Claims, provides in pertinent part as follows:

(1) Interest shall not be allowed upon any claim up to the date of the rendition of judgment by the court, unless upon a contract expressly stipulating for the payment of interest. All judgments from the date of the rendition of the judgment shall carry interest at the rate of 12% per annum compounded annually, except that judgment upon a contract expressly providing for interest shall carry interest at the rate provided by the contract in which case provision to that effect shall be incorporated in the judgment entered. This subsection shall apply to any civil action based on tort filed on or after July 9, 1984 but before January 1, 1987 and any action pending before the court of claims on July 9, 1984. This subsection shall apply to any action, other than a civil action based on tort, filed on or after July 1, 1984 and any action pending before the court of claims on July 9, 1984.

(2) Except as otherwise provided in this subsection, for complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action shall be calculated from the date of filing the complaint at a rate of interest which is equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1

and January 1, as certified by the state treasurer, and compounded annually, pursuant to this section.

(3) For complaints filed on or after October 1, 1986, interest shall not be allowed on future damages from the date of filing the complaint to the date of entry of the judgment.

(4) If a bona fide, reasonable written offer of settlement in a civil action based on tort is made by the party against whom the judgment is subsequently rendered, the court shall order that interest shall not be allowed beyond the date the written offer of settlement which is made and rejected by the plaintiff, and is filed with the court.

(5) Except as otherwise provided in subsection (3), if a bona fide, reasonable written offer of settlement in a civil action based on tort is not made by the party against whom the judgment is subsequently rendered, or is made and that offer is not filed with the court, the court shall order that interest be calculated from the date of filing the complaint to the date of satisfaction of the judgment.

(6) Except as otherwise provided in subsection (3), if a bona fide, reasonable written offer of settlement in a civil action based on tort is made by a plaintiff for whom the judgment is subsequently rendered and that offer is rejected and the offer is filed with the court, the court shall order that interest be calculated from the date of the rejection of the offer to the date of satisfaction of the judgment at a rate of interest equal to 2% plus the rate of interest computed under subsection (2).

The above version of the statute is as enacted in 1986, at which time the Legislature substantially amended this section. This Court has previously held that § 6455 as amended in 1986 applies to actions, such as the case at bar, where the claim arose prior to the amendment, but judgment was rendered after the 1986 amendment took effect. See *Young v Michigan,* 171 Mich App 72; 429

NW2d 642 (1988). Accordingly, we will apply the statute in its above-quoted version to the case at bar.

The interpretation of § 6455, however, is less clear. Defendant urges us to conclude that subsection (1), which provides that prejudgment interest is not allowed on any civil action filed before January 1, 1987, should control. Plaintiff, on the other hand, urges us to conclude that subsection (5) represents an exception to subsection (1) and, therefore, prejudgment interest is awardable even where the complaint was filed prior to January 1, 1987, but where the defendant has not made a bona fide, reasonable written offer of settlement.[1]

As this Court discussed in *Young, supra,* it is difficult to determine the appropriate interpretation of § 6455 and to interpret it so that all subsections have meaning and so that each subsection harmonizes with the remaining subsections. In fact, the task is virtually impossible inasmuch as the statute is self-contradictory. Despite the poor draftsmanship of the statute, we must, nevertheless, endeavor to give an appropriate interpretation to the statute and determine how it should be applied to the case at bar.

Subsections (1) and (2) appear fairly clear on their face and, if they stood alone, would be fairly easy to interpret and apply. Subsection (1), by its terms, applies to civil actions filed before January 1, 1987, and provides for postjudgment interest at the fixed rate of twelve percent per annum and precludes the award of prejudgment interest. On the other hand, subsection (2), by its terms, applies to complaints filed on or after January 1, 1987, and provides for both prejudgment and postjudg-

---

[1] A bona fide, reasonable written offer of settlement is defined in § 6455(8). There is no dispute in this case that defendant did not make such a settlement offer.

ment interest calculated at a flexible rate. However, this picture of clarity soon disintegrates when the remaining subsections are considered.

This Court discussed the applicable rules of statutory construction in *Young, supra* at 76-77, stating as follows:

> If a statute is unambiguous, this Court will avoid further interpretation and will not vary the clear meaning of the statute. However if the statute is ambiguous, it is this Court's duty to effect the intent of the Legislature. *Action Auto, Inc v Anderson,* 165 Mich App 620, 628; 419 NW2d 36 (1988).
>
> It is also a well established rule of statutory construction that none of the language of a statute should be treated as surplusage or rendered nugatory, if at all possible. *Elliott v Genesee Co,* 166 Mich App 11, 15; 719 NW2d 462 (1988). As we stated in *Action Auto, supra,* p 628:
>
> "Additionally, ambiguous statutes are to be interpreted as a whole and construed so as to give effect to each provision and to produce a harmonious and consistent result. Specific words in a given statute are to be assigned their ordinary meaning, unless a different interpretation is indicated. *Erickson v Dep't of Social Services,* 108 Mich App 473; 310 NW2d 428 (1981). Further, the word 'shall' is generally used to designate a mandatory provision, where the word 'may' designates a provision which grants discretion. See, e.g., *Law Dep't Employees Union v City of Flint,* 64 Mich App 359; 235 NW2d 783 (1975)."

While subsections (1) and (2) appear unambiguous on their faces when viewed in isolation, when the remainder of the section is considered, ambiguity abounds. Specifically, subsection (5) provides that prejudgment interest shall be awarded from the date of the filing of the complaint where there is no bona fide, reasonable written offer of settle-

ment in a tort action. Plaintiff urges us to conclude that subsection (5) establishes an exception to subsection (1), while defendant would have us conclude that subsection (5) has no application to subsection (1). Both interpretations present difficulties and require the violation of at least one rule of statutory construction.

Specifically, if we accept plaintiff's theory, that subsection (5) operates as an exception to subsection (1), it is necessary to ignore the plain language of subsection (1), which provides that prejudgment interest is not allowed on any claim filed prior to January 1, 1987. Thus, we would have to construe the statute in a manner which would appear to be inconsistent with the plain language of the statute. However, if we accept defendant's theory that the provisions related to bona fide, reasonable written offers of settlement contained in subsections (4) through (8) serve only to modify subsection (2), subsection (5) becomes meaningless.

That is, subsection (4) can be read as an exception to subsection (2) since it limits prejudgment interest to the period from the date of the filing of the complaint until the filing of a bona fide, reasonable written offer of settlement, where that offer is rejected, thus limiting the provisions of subsection (2) granting prejudgment interest from the date of the filing of the complaint until rendition of judgment. Similarly, subsection (6) can be read as an exception to subsection (2) since it provides for a higher rate of interest than is contained in subsection (2) where the defendant rejects a bona fide, reasonable written offer of settlement made by the plaintiff.

However, subsection (5) has no effect on subsection (2). That is, if there is no bona fide, reasonable written offer of settlement by either side, subsection (5) provides for an award of interest from the

date of the filing of the complaint. This, however, is the same provision as is contained in subsection (2) which would be unaffected by the provisions of either subsection (4) or subsection (6) since there was no bona fide, reasonable written offer of settlement. Thus, subsection (5) can never serve to modify subsection (2) nor is subsection (5) necessary to serve as an exception to subsections (4) or (6) since, if there were no bona fide, reasonable written offer of settlement, subsections (4) and (6) would not apply by their own terms. In fact, as plaintiff points out, the only time that subsection (5) can ever have any effect is if it serves as an exception to subsection (1). See *Young, supra* at 80-81. Thus, the rule of statutory construction that all provisions in a statute must be given meaning would require that subsection (5) be read as an exception to subsection (1), since it has no role in providing an exception to any other subsection. *Id.*

This analysis is further hampered by the fact that neither subsection (5), nor, for that matter, subsections (4) and (6), specifically provide what complaints they apply to. However, as discussed in *Young, supra,* we must interpret subsection (5) as providing a sanction for the failure to make a bona fide, reasonable written offer of settlement for complaints filed prior to January 1, 1987, for which there otherwise is not an award of prejudgment interest.

The fact that the Legislature apparently anticipated the possibility of an award of prejudgment interest for complaints filed prior to January 1, 1987, despite the apparently otherwise clear language of subsection (1), can be seen by the provisions of subsection (3). Subsection (3) provides that there shall not be an award of prejudgment interest on future damages for complaints filed on or after October 1, 1986. Clearly, for subsection (3) to

have any meaning whatsoever, the Legislature must have concluded that prejudgment interest could be awarded on complaints filed on or after October 1, 1986, including prejudgment interest on future damages, absent the prohibition contained in subsection (3). But if the intent of the Legislature in subsection (1) was to absolutely preclude the award of any prejudgment interest whatsoever on complaints filed prior to January 1, 1987, then there could also, of necessity, be no award of prejudgment interest for future damages for such cases, regardless of the existence of subsection (3).

However, if subsection (1) precludes the awarding of any prejudgment interest on complaints filed prior to January 1, 1987, then the question arises why does the Legislature set the effective date of subsection (3) as October 1, 1986? If subsection (1) absolutely precludes the awarding of prejudgment interest on complaints filed prior to January 1, 1987, then there is no need for subsection (3) to preclude the awarding of prejudgment interest on future damages for the period from October 1, 1986, until December 31, 1986. Thus, for subsection (3) to have any applicability to the complaints filed from October 1, 1986, until December 31, 1986, it is necessary to conclude that prejudgment interest must have been otherwise available, in at least some cases, for complaints filed during that period.

The only way that § 6455 can be interpreted as otherwise allowing prejudgment interest on complaints filed from October 1, 1986, until December 31, 1986, is to conclude that subsection (5) operates as an exception to subsection (1), thus allowing an award of prejudgment interest on complaints filed during that time period where there has been no bona fide, reasonable written offer of settlement. Thus, subsection (3) does affect complaints filed

during the last three months of 1986 where there has been no bona fide, reasonable written offer of settlement since, under subsection (5), prejudgment interest would now be awardable, but subsection (3) has effect by precluding an award of prejudgment interest as to that portion of damages which relate to future damages.

Of course, the conclusion that subsection (5) operates as an exception to subsection (1) implies that subsections (4) and (6) also operate as exceptions to subsection (1) and subsections (4) and (6) would provide further exceptions and allow at least partial award of prejudgment interest where there is a bona fide, reasonable written offer of settlement which is rejected. Indeed, if subsections (4) through (6) are interpreted as exceptions to subsection (1), subsection (1) is reduced to being applied only to those cases where the complaint was filed prior to January 1, 1987, and there is a bona fide, reasonable written offer of settlement which is accepted. At least, however, such an interpretation lends some meaning to all provisions of the statute, including subsection (5).

We should briefly address defendant's argument that the legislative history of the 1986 amendment to § 6455 lends support to the conclusion that subsections (4) through (6) were only intended as exceptions to subsection (2). Defendant is correct that the legislation which was originally introduced and which resulted in the 1986 amendment to § 6455 did have provisions relating to bona fide, reasonable written offers of settlement of limited applicability. Specifically, the original bill prohibited prejudgment interest on complaints filed prior to January 1, 1986, and further provided for prejudgment interest on complaints filed on or after January 1, 1986, subject to the rules concerning bona fide, reasonable written offers of settlement.

The bona fide, reasonable written offer of settlement rules were contained in paragraphs within subsection (2). Thus, as the bill was originally introduced, it is clear that the drafters only intended that prejudgment interest and the settlement offer rules apply to complaints filed on or after January 1, 1986.

Defendant's argument, however, is self-defeating. The fact of the matter is that the 1986 amendment to § 6455, as enacted, is not the same as the bill which was originally introduced. Among other things, the operative dates contained in subsections (1) and (2) were changed from January 1, 1986, to January 1, 1987, and the bona fide, reasonable written offer of settlement rules, which in the original bill were paragraphs within subsection (2), were severed and made into independent subsections.[2]

The flaw in defendant's argument is that it is at least as logical, and we think more logical, to conclude that the Legislature severed the provisions which now relate to subsections (4) through (6) from the provisions of subsection (2) because it wished the bona fide, reasonable written offer of settlement provisions to apply to all complaints, not just those filed on or after January 1, 1987. Had the Legislature intended that subsections (4) through (6) would only apply to subsection (2), it would have retained those provisions as paragraphs within subsection (2) rather than as independent subsections.

---

[2] A remnant of that severing can be seen in the current language of subsection (2) which says in its opening clause "except as otherwise provided in this subsection," without the subsection ever otherwise providing. Apparently, the "otherwise provided" provision within subsection (2) was originally intended to refer to the paragraphs under subsection (2) as contained in the original bill, but which were later severed during the course of legislation without the now meaningless "except as otherwise provided" language being stricken.

Admittedly, the only conclusion about § 6455 which can be drawn with any certainty is that that section is poorly drafted and some rule of statutory construction must be violated at least in part in interpreting that section. However, the interpretation which gives all provisions within the section some effect, which harmonizes to the greatest degree all of the subsections, and which does the least damage to what otherwise appears to be plain language in the statute is the conclusion that subsections (4) through (6), and in particular subsection (5), operate as exceptions to subsection (1) as well as subsection (2), thus allowing for an award of prejudgment interest even for complaints filed before January 1, 1987, under the applicable rule concerning bona fide, reasonable written offers of settlement.

Thus, we conclude that § 6455(1) should be interpreted as providing that, in cases where the complaint was filed before January 1, 1987, prejudgment interest is awardable or not awardable as follows: (1) prejudgment interest is awardable where there was no bona fide, reasonable written offer of settlement under the terms of subsection (5); (2) prejudgment interest is awardable under the requirements of subsections (4) and (6) where there is a reasonable written offer of settlement which has been rejected; and (3) prejudgment interest is not awardable where there has been a bona fide, reasonable written offer of settlement which has been accepted.

For the above reasons, we conclude that the trial court correctly determined that prejudgment interest was awardable in the case at bar.

Affirmed. Plaintiff may tax costs.