RANDOLPH v STATE FARM FIRE & CASUALTY COMPANY

Docket No. 199199. Submitted March 11, 1998, at Lansing. Decided March 27, 1998, at 9:20 A.M. Leave to appeal sought.

Bessie Randolph brought an action in the Genesee Circuit Court against State Farm Fire & Casualty Company on January 18, 1996, seeking recovery under a fire insurance policy for loss sustained in a fire on July 19, 1994. The plaintiff, on July 21, 1994, had notified the defendant of the loss. The defendant, on December 30, 1994, had formally denied liability. The defendant moved for summary disposition, arguing that the action was barred by the one-year period of limitation contained in the policy. The court, Archie L. Hayman, J., denied the motion, ruling that the one-year limitation was void because it did not include a provision for tolling from the time the insured notifies the insurer of the loss until the insurer formally denies liability, which tolling is required by MCL 500.2833(1)(q); MSA 24.12833(1)(q). The court determined that, in lieu of the voided one-year limitation period, the plaintiff's action was subject to the six-year limitation period of MCL 600.5807(8); MSA 27A.5807(8). The defendant appealed by leave granted.

The Court of Appeals held:

MCL 500.2860; MSA 24.12860 provides that any provision of a fire insurance policy that is contrary to the provisions of the fire insurance contracts subchapter of the Insurance Code, which includes MCL 500.2833(1)(q); MSA 24.12833(1)(q), shall be absolutely void. In the absence of a valid limitation period in the policy, a one-year limitation period with tolling as provided under MCL 500.2833(1)(q); MSA 24.12833(1)(q) must be read into the policy at issue. Under such limitation period, as tolled from when the plaintiff notified the defendant of the loss to when the defendant formally denied liability, the plaintiff had to bring her action before December 28, 1995. Her January 18, 1996, action is not timely, and summary disposition for the defendant should have been granted by the trial court.

Reversed and remanded.

INSURANCE — FIRE INSURANCE — LIMITATION OF ACTIONS — TOLLING.

A provision in a fire insurance policy that sets a period of limitation for an action under the policy but does not provide for statutorily

required tolling from the time the insured notifies the insurer of the loss until the insurer formally denies liability is absolutely void; in place of such void limitation period, a court will read into the policy a one-year limitation period with the statutorily required tolling (MCL 500.2860, 500.2833[1][q]; MSA 24.12860, 24.12833[1][q]).

*Steven A. Finegood,* for the plaintiff.

*Patrick, Johnson & King, P.C.* (by *Paul H. Johnson, Jr.,* and *David G. Stobb*), for the defendant.

Before: FITZGERALD, P.J., and HOOD and SAWYER, JJ.

PER CURIAM. Plaintiff filed this action in order to recover under her insurance policy for losses and damages to her property, which resulted from a fire. The trial court denied defendant's motion for summary disposition. Defendant appeals by leave granted, and we reverse and remand.

The facts in this case are not in dispute. Defendant issued an insurance policy to plaintiff for accidental loss and damage to the property located at 641 E. Ridgeway, Flint, Michigan. On July 19, 1994, a fire occurred on the property. On July 21, 1994, defendant received notice of the loss and of plaintiff's intention to present a claim under the policy. On December 30, 1994, defendant denied liability under the policy.

On January 18, 1996, plaintiff filed this action to recover for the loss and damage sustained. In response, defendant filed a motion for summary disposition pursuant to the limitation term in its policy, which stated:

*Suit Against Us.* No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.

The trial court denied defendant's motion for summary disposition, ruling that this provision of the insurance policy was absolutely void because the policy lacked the tolling provision found in MCL 500.2833(1)(q); MSA 24.12833(1)(q). The trial court applied a general six-year statute of limitations, MCL 600.5807(8); MSA 27A.5807(8). Defendant filed a motion for reconsideration and requested that the court read the required tolling provision, found in MCL 500.2833(1)(q); MSA 24.12833(1)(q), into the policy. The trial court denied the motion.

On appeal, defendant argues that the one-year, contractual statute of limitations contained in the policy was not contrary to MCL 500.2833(1)(q); MSA 24.12833(1)(q) and therefore was not void pursuant to MCL 500.2860; MSA 24.12860. Alternatively, defendant argues that if the one-year limitation period is void, the tolling provision found in MCL 500.2833(1)(q); MSA 24.12833(1)(q) should be constructively added to the policy.

A primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993). Statutory language should be construed reasonably, keeping in mind the purpose of the act. *Barr v Mount Brighton, Inc*, 215 Mich App 512, 516; 546 NW2d 273 (1996). Insurance contracts are subject to statutory regulations, and mandatory, statutory provisions from the Insurance Code must be read into the contracts when applicable. *Stine v Continental Casualty Co*, 419 Mich 89, 104; 349 NW2d 127 (1984); *Borman v State Farm Fire & Casualty Co*, 198 Mich App 675, 680; 499 NW2d 419 (1993), aff'd 446 Mich 482; 521 NW2d 266 (1994).

MCL 500.2860; MSA 24.12860 states:

> Any provision of a fire insurance policy, which is contrary to the provisions of this chapter, shall be absolutely void, and an insurer issuing a fire insurance policy containing any such provision shall be liable to the insured under the policy in the same manner and to the same extent as if the provision were not contained in the policy.

MCL 500.2833(1)(q); MSA 24.12833(1)(q) states:

> (1) Each fire insurance policy issued or delivered in this state shall contain the following provisions:
>
> \*     \*     \*
>
> (q) That an action under the policy may be commenced only after compliance with the policy requirements. An action must be commenced within 1 year after the loss or within the time period specified in the policy, whichever is longer. The time for commencing an action is tolled from the time the insured notifies the insurer of the loss until the insurer formally denies liability.

The use of the word "shall" in the statute indicates that it is mandatory that every insurance policy contain the provision. See *Niggeling v Dep't of Transportation*, 183 Mich App 770, 775; 455 NW2d 415 (1990), citing *Young v Michigan*, 171 Mich App 72; 429 NW2d 642 (1988).

We find that the one-year limitation period found in the insurance policy between plaintiff and defendant, which does not contain the tolling provision, is absolutely void pursuant to MCL 500.2860; MSA 24.12860. It is clearly contrary to the language of MCL 500.2833(1)(q); MSA 24.12833(1)(q) cited above. The term in defendant's policy bars suit brought more than "one year after the date of loss or damage"

regardless of the amount of time between the insured's notifying the insurer of the loss and the insurer's denial of liability.

Because the provision is void, the insurance contract does not contain any limitation period. It is necessary then to determine whether the limitation period of MCL 500.2833(1)(q); MSA 24.12833(1)(q) should be read into the contract or whether a general six-year statute of limitations applies.

The tolling provision found in MCL 500.2833(1)(q); MSA 24.12833(1)(q) was added by 1990 PA 305, which also repealed the Michigan Standard Policy. The Michigan Standard Policy, contained in MCL 500.2832; MSA 24.12832, was a standard policy that all insurers were required to issue. Former section MCL 500.2832; MSA 24.12832, lines 157 to 161, stated:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

The Supreme Court, in *In re Certified Question*, 413 Mich 22, 38; 319 NW2d 320 (1982), interpreted MCL 500.2832; MSA 24.12832, lines 157-161, and held that although the twelve-month period commences from the date of loss, it is tolled from the time the insured provides notice of loss until the insurer formally denies liability.

A one-year period of limitation, with tolling, was mandatory under the old statute. A plain reading of MCL 500.2833(1)(q); MSA 24.12833(1)(q) indicates that the Legislature intended to keep a mandatory limitation period of at least one year, with tolling,

unless a longer period is specifically set forth in the insurance policy. In this case, where there is no applicable limitation period found within the policy, we will read the mandatory, statutory limitation provision into the insurance contract. See *Stine, supra* at 106. In so ruling, we note that there is absolutely no authority that would allow application of the general six-year contract statute of limitations to this insurance policy.

Under MCL 500.2833(1)(q); MSA 24.12833(1)(q), plaintiff had only one year after the time of loss, July 19, 1994, to file suit because a longer period was not specified in the contract at issue. The time for commencing the action was tolled from the time the insured notified the insurer of the loss, July 21, 1994, until the insurer formally denied liability, December 30, 1994. As a result, plaintiff was required to file suit before December 28, 1995. Plaintiff's suit was filed on January 18, 1996, twenty-one days after the statutory period of limitation expired. Plaintiff's suit is barred, and summary disposition for defendant was proper.

Reversed and remanded for entry of an order consistent with this opinion.