J. Robert Lynch, J.
Defendants, Ketcham, Miller and Arnold have moved for summary judgment or in the alternative for a stay pending arbitration.
On December 16,1949 plaintiff Board of Education contracted with defendant Ketcham for his architectural services in connection with the design and construction of a school building and bus garage. The defendant, Mancuso Bros., Inc., was the general contractor and the defendant, Peerless Casualty Company is the surety on Mancuso’s maintenance bond.
The complaint alleges that Mancuso represented the building to have been substantially completed on November 27, 1953, and that on that date Peerless Casualty Company issued its bond and defendant Ketcham issued a certificate of final payment.
The complaint further alleges that within a year after November 27, 1953, defects appeared in the building giving rise to extensive water damage with consequent considerable expense for which suit was brought.
The within action was originally instituted against Mancuso and Peerless Casualty in August, 1958 and, by amended complaint, Ketcham, Miller and Arnold were brought in as defendants on October 20, 1959.
Miller and Arnold seek relief by summary judgment by pointing out that plaintiff’s contract for architectural services was only with Ketcham and that they did not enter into articles of partnership with him until December 31, 1953, to take effect on January 1,1954.
The complaint, however, alleges that Miller and Arnold became partners of Ketcham some time after the execution of Ketcham’s contract on December 16,1949 but prior to the completion of the work on November 27,1953. In support of this position, plaintiff has submitted a photostat copy of a certificate by Ketcham, Miller and Arnold to do business under the assumed name of Ketcham-Miller-Arnold, dated August 19, 1952, and filed in the Onondaga County Clerk’s office under the provisions of section 440 of the Penal Law. Plaintiff has also exhibited letters, addressed to school authorities about the construction, on letterheads of Ketcham-Miller-Arnold and Ketcham-Miller dated in 1951, 1952 and 1953. Three of these were signed by Miller.
Since Ketcham’s contract with the school provided that it be binding on his partners in respect to the work to be performed *124 under it, an issue of fact is created as to whether or not a partnership did exist among Ketcham, Miller and Arnold which carried on the work of the contract, an issue which cannot be disposed of by summary judgment.
Ketcham, Miller and Arnold further ask summary judgment on their pleaded separate defense that plaintiff’s action against them is barred by the Statute of Limitations, as provided in section 50 of the Civil Practice Act, which limits the commencement of malpractice actions to two years.
Plaintiff relies on section 48 of the Civil Practice Act, which limits the commencement of actions on contract obligation or liability to six years.
Assuming, without so holding, that section 50 is applicable to architects, it cannot be applied in the instant case. Ketcham entered into a contract with the plaintiff to perform work in a specified manner and plaintiff’s complaint is based on the contract and the petitioners’ alleged breach in failing to perform its terms. (Conklin v. Draper, 254 N. Y. 620, affg. 229 App. Div. 227; Frankel v. Wolper, 181 App. Div. 485, affd. 228 N. Y. 582.)
It serves no purpose to discuss whether the six-year limitation commenced to run on the completion of the contract on November 27, 1953 or on the completion of the work giving rise to the alleged breach which the petitioners say was some time prior to November 27, 1953. Even were the defendants’ contention conceded, an issue is still raised by the presence of subsequent letters from the architects to the plaintiff. These letters, running into 1955, promised remedy of the conditions complained of and might well be considered to have tolled the statute.
The contract between plaintiff and Ketcham provided: “ (10) arbitration- : All questions in dispute under this agreement shall be submitted to arbitration at the choice of either party.”
The defendants, on denial of their motions for summary judgment, seek next a stay of proceedings in this action pending submission to arbitration under the authority claimed given them by the above-quoted paragraph.
The court finds it unnecessary to pass .upon the questions whether or not the controversy is one subject to arbitration under the terms of the contract, whether or not arbitrators, if appointed, could assess damages, and whether or not the action against the remaining defendants should be stayed pending but not subject to arbitration. These questions have been rendered academic by the defendants’ waiver of right to arbitration.
The defendants were aware of the existence of the controversy long before suit was commenced. On October 20, 1959 the com *125 plaint was served. On October 28, 1959, they received copies of the note of issue. Extensions of time to answer were granted them on November 6, 24, December 24 and 31, 1959. Taken by themselves these facts are not determinative. The defendants were not required to act before service of the summons and complaint. ‘ ‘ By tradition a defendant may ordinarily let a sleeping dog lie until he is in danger of being bitten ” (Matter of Haupt v. Rose, 265 N. Y. 108, 111, citing Nagy v. Arcas Brass & Iron Co., 242 N. Y. 97). Applying for an extension to answer does not constitute a waiver (Matter of Haupt v. Rose, supra).
Viewing these matters, however, in the light of petitioners’ next step, a motion for summary judgment, indicates an election to proceed other than by arbitration.
The granting of a motion for summary judgment “ is the procedural equivalent of a trial ” (Falk v. Goodman, 7 N Y 2d 87, 91). Participation in a trial constitutes a waiver of arbitration (Gold Plastering Co. v. 200 East End Ave. Corp., 282 App. Div. 1073), even though participation is limited to a motion for summary judgment (Schussel v. Schussel, 63 N. Y. S. 2d 380).
Defendants’ course of procedure indicated an election to proceed to trial. They cannot abide by their election if successful and reject it if not (Matter of Young v. Crescent Development Co., 240 N. Y. 244). The petitioners’ motion is in all respects denied.