CAPITAL MORTGAGE CORPORATION v COOPERS & LYBRAND

Docket Nos. 65456, 65763. Submitted February 21, 1985, at Detroit.—Decided May 7, 1985.

Capital Mortgage Corporation retained Coopers & Lybrand, an accounting firm, to conduct a routine audit. During the course of the audit Coopers & Lybrand failed to detect embezzlement of $1,500,000. Security Insurance Company of Hartford, which insured Capital Mortgage against employee dishonesty, paid $850,000 to Capital to settle a lawsuit brought against it by Capital. Under the terms of the settlement agreement, Security would be subrogated to two-thirds of the first $1,250,000 recovered by Capital in a lawsuit against Coopers & Lybrand. Capital Mortgage Corporation filed suit against Coopers & Lybrand in Oakland Circuit Court asserting that the failure to detect the embezzlement caused additional losses to occur. Security Insurance Company of Hartford was joined as a party plaintiff. The jury returned a verdict in favor of Capital Mortgage Corporation for more than $1,500,000, but found Capital to be 68.33 percent negligent and reduced the award accordingly under the principles of comparative negligence. Capital asked that judgment be entered for the portion of the award to which it is entitled, *i.e.,* approximately one-third. The trial court refused to enter judgment in favor of Capital, Steven N. Andrews, J. In the meantime, Coopers & Lybrand asserted that it is entitled to arbitrate its liability to Security Insurance, and the trial court agreed. Capital Mortgage appeals by leave granted from the trial court's refusal to enter judgment in its favor for approximately one-third of the jury's award. Security Insurance appeals by leave granted from the trial court's decision that Coopers & Lybrand is entitled to arbitrate its liability to Security. The appeals have been consolidated. *Held:*

1. The trial court erred in refusing to enter final judgment in

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award § 51.
Waiver of, or estoppel to assert substantive right or right to arbitrate as question for court or arbitrator. 26 ALR3d 604.

[2] 44 Am Jur 2d, Insurance § 1894 *et seq.*

[3] 73 Am Jur 2d, Summary Judgment §§ 3, 40.

[4] 22 Am Jur 2d, Damages § 191.

favor of Capital Mortgage. That portion of the trial court's decision is reversed.

2. The trial court erred in finding that Coopers & Lybrand is entitled to arbitrate its liability to Security. The court's order compelling arbitration is reversed.

3. The trial court did not err in not awarding interest from the date of injury to the date of filing the complaint.

4. The application of comparative negligence in this case was proper, and Capital's complaint that there was a lack of expert testimony is without merit.

The trial court's decision to compel arbitration and its decision not to enter judgment in favor of Capital are reversed. The rulings as to comparative negligence and interest are affirmed.

1. ARBITRATION — CONTRACTUAL RIGHTS — WAIVER.

A party may waive any of its contractual rights, including the right to arbitrate; a waiver of the right to arbitrate may be express or it may be implied when a party actively participates in a litigation or acts in a manner inconsistent with its right to proceed to arbitration.

2. PARTIES — NECESSARY OR PROPER PARTIES — INSURERS.

An insurer is not a necessary or proper party to an action brought by one of its insureds against a wrongdoer where the amount of loss exceeds the payment made by the insurer and the insurer has a mere beneficial interest in the insured's legal claim against the wrongdoer.

3. JUDGMENTS — SUMMARY JUDGMENT — RES JUDICATA.

Summary judgment is the procedural equivalent of a trial and is a judgment on the merits which bars relitigation on principles of res judicata.

4. DAMAGES — INTEREST — JURY AWARDS — INTEREST FROM DATE OF INJURY.

Interest from the date of injury to the date of filing a complaint is an award that is within the purview of the jury.

*Jenkins, Nystrom, Hitchcock, Parfitt & Nystrom, P.C.* (by *Merle R. Jenkins* and *Janis B. DeGennaro),* for plaintiffs.

*Clark, Klein & Beaumont* (by *Laurence M. Scoville, Jr.,* and *Jonathon T. Walton, Jr.),* and *Miller, Canfield, Paddock & Stone* (by *Gilbert E. Gove,*

*Michael W. Hartmann,* and *Stephen J. Ott),* and *Hughes, Hubbard & Reed* (by *Jay Kelly Wright* and *Walter G. Ricciardi),* for defendant Coopers & Lybrand.

Before: D. E. HOLBROOK, JR., P.J., and MAC-KENZIE and E. A. QUINNELL,* JJ.

PER CURIAM. This case arises from Capital Mortgage Corporation's (CMC) retaining Coopers & Lybrand (C&L), an accounting firm, to conduct a routine audit. During the course of the audit C&L failed to detect $1.5 million of embezzlement perpetrated by the third-party defendants, Nott, Kline and DeWitt. A major portion of the embezzlement loss, $850,000, was paid by Security Insurance Company of Hartford (SIC), which insured CMC against employee dishonesty. CMC asserts that the failure of C&L to promptly detect and disclose the embezzlement caused additional losses to occur. SIC was joined as a party plaintiff in 1978.

Following an eight-week jury trial, a verdict in favor of CMC for more than $1.5 million was found. However the jury found CMC to be 68.33 percent negligent and reduced the award accordingly under the principles of comparative negligence.

Originally CMC had sued SIC in a separate lawsuit. That action was settled by SIC's paying $850,000 and an agreement that SIC would be subrogated to two-thirds of the first $1.25 million recovered by CMC against C&L. As there were no outstanding issues involving CMC, CMC then asked for judgment to be entered for the portion of the award to which it is entitled, approximately one-third. The trial judge found no compelling reason to do so and refused. From that denial,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

CMC is appealing by leave granted. In the meantime C&L asserted that it is entitled to arbitrate its liability to SIC and the trial court agreed. It is from that order that SIC appeals by leave granted. The two appeals have been consolidated.

On appeal, CMC claims error in the refusal to enter judgment, while SIC maintains, *inter alia,* that it should not be required to arbitrate and that the issue of comparative negligence should not have been placed before the jury.

CMC asserts that the trial court erred in its refusal to enter final judgment on its behalf. We agree. The trial judge searched for reasons that would require immediate final judgment when he should have searched for any reasons to delay. GCR 1963, 518.2. CMC's portion of the award will not be affected regardless of the outcome of the dispute between SIC and C&L. See also 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 629. In the instant case, C&L has not even asserted that it was denied the right to raise all of its defenses against CMC. As C&L has certainly had its day in court against CMC, there is no justifiable reason to delay entry of judgment in CMC's favor. Accordingly, we reverse the trial court's decision.

SIC contends that the trial court erred in permitting the claims C&L has against it to be sent to arbitration. C&L's alleged right to arbitration stems from a letter agreement written in 1945. That letter was written to the American Institute of Accountants, a national organization. It was written by the New Amsterdam Casualty Company, which has been merged with SIC. The agreement provided, *inter alia:*

"1. That no claim for failure to discover whether any loss, such as is insured against under fidelity bonds, has

occurred *shall be asserted by or through us* against accountants in any cases not involving affirmatively dishonest or criminal acts or gross negligence on the part of accountants." (Emphasis added.)

Additionally, the letter provided that the insurance company would submit any cases it suspected of involving gross negligence, dishonesty or criminal acts to a three-man panel for a determination of the above.

SIC would be liable under this agreement as it assumed New Amsterdam's obligations when it merged. *Turner v Bituminous Casualty Co,* 397 Mich 406, 419-420; 244 NW2d 873 (1976). SIC's claim that this agreement is void due to the lack of consideration is without merit. *City of Highland Park v Grant-MacKenzie Co,* 366 Mich 430, 447-448; 115 NW2d 270 (1962).

We now must determine if the agreement to arbitrate was waived or if it was applicable in the instant case. A party may waive any of its contractual rights, including the right to arbitrate. A waiver may be express or it may be implied when a party actively participates in a litigation or acts in a manner inconsistent with its right to proceed to arbitration. *Bielski v Wolverine Ins Co,* 379 Mich 280; 150 NW2d 788 (1967).

In the instant case SIC was added as a party plaintiff due to C&L's motion. As the stated purpose of the arbitration clause was to avoid insurer-accountant lawsuits, C&L disavowed that purpose by bringing SIC in. SIC now found itself in a lawsuit that it had agreed not to bring. We do not even agree that SIC was a proper party to be brought in. When the amount of loss exceeds the payment made by the insurer and the insurer has a mere beneficial interest in the insured's legal claim against the wrongdoer, the action not only

must be brought in the name of the insured, but the insurer is not a necessary or proper party to the action. See 44 Am Jur 2d, Insurance, § 1823, pp 810-812. That is the situation in the instant case, as CMC suffered losses of $1.5 million and SIC paid $850,000. SIC never asserted any more than an entitlement to a portion of any judgment CMC might receive. Any compensation flowing to SIC is a result of its agreement with CMC and not from any wrong committed against it by C&L.

Additionally we believe that C&L waived its right to arbitration when it filed its motion for summary judgment. A motion for summary judgment indicates an election to proceed other than by arbitration. *Board of Education of Central School Dist No 1 of the Towns of Lennox, Lincoln, Fenner, Sullivan, Smithfield, and Oneida v Mancuso Brothers, Inc*, 25 Misc 2d 122; 204 NYS2d 410 (1960). The rationale for this rule is that summary judgment is the procedural equivalent of a trial and is a judgment on the merits which bars relitigation on principles of res judicata. *City of Detroit v Nortown Theater, Inc*, 116 Mich App 386; 323 NW2d 411 (1982). We find C&L's decision to file a motion for summary judgment before its answer an election not to pursue arbitration. In any event, the act of participating in a lawsuit revoked the arbitration agreement. *Amwake v Mercy-Memorial Hospital*, 92 Mich App 546, 552-553; 285 NW2d 369 (1979), and *Boiko v Henry Ford Hospital*, 110 Mich App 514, 521; 313 NW2d 344 (1981). Accordingly we find the lower court's decision to compel arbitration to be erroneous and reverse that order.

CMC argues that it should have been awarded precomplaint interest. Interest from the date of injury to the date of filing the complaint is an award that is within the purview of the jury. *Vannoy v City of Warren*, 26 Mich App 283, 288;

182 NW2d 65 (1970), *aff'd on other grounds* 386 Mich 686; 194 NW2d 304 (1972), and *Reliance Ins Co v Pyrofax Gas Corp,* 389 F2d 602 (CA 6, 1968). As the date CMC or C&L should have discovered the embezzlement was a matter of fact determination, CMC cannot now try to add this element. Interest from the date of filing the complaint is proper. MCL 600.6013; MSA 27A.6013 and MCL 438.7; MSA 19.4. We find no error in the lack of precomplaint interest.

CMC contends that the issue of comparative negligence should not have been placed before the jury as C&L did not establish causation between CMC's allegedly poor practices and C&L's negligence. This is an issue of first impression in Michigan. Most cases that dealt with the accountant's liability and the client's negligence involved contributory negligence, which would preclude any recovery on the part of the client. *Lincoln Grain, Inc v Coopers & Lybrand,* 216 Neb 433, 441-442; 345 NW2d 300 (1984), and Anno: *Accountant's Malpractice Liability to Client,* 92 ALR3d 396, 409, § 6(b). With comparative negligence the result is not so harsh and the policy considerations that accountants should not be allowed to avoid all liability due to some negligence on the part of the client are not present. We find the application of comparative negligence to be proper as neither party is absolved of fault due to the other's negligence. Comparative negligence creates an incentive for both parties to use due care. We also find CMC's complaint about the lack of expert testimony to be without merit as the jury was fully capable of understanding that CMC may have been negligent and engaged in conduct to cover up the loss. That does not require technical knowledge. See *Orozco v Henry Ford Hospital,* 408 Mich 248; 290 NW2d 363 (1980), relating medical mal-

practice cases where expert testimony is required. Accordingly we affirm this part of the lower court's decision.

CMC's final complaint about the limitation of SIC's right to discovery is moot in light of our disposition of the arbitration agreement and SIC's role in this case.

Accordingly, we reverse the lower court's decision as to compelling arbitration and its decision not to enter judgment in favor of CMC. The rulings as to comparative negligence and interest are affirmed.

Affirmed in part and reversed in part.