# STATE OF MICHIGAN

# COURT OF APPEALS

---

KEVIN LOGAN,

        Plaintiff-Appellant,

v

CHARTER TOWNSHIP OF WEST
BLOOMFIELD,

        Defendant-Appellee.

UNPUBLISHED
April 20, 2017

No.   330393
Oakland Circuit Court
LC No.   2015-147927-AW

---

Before:  SAWYER, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

Plaintiff, Kevin Logan, appeals as of right the trial court order denying his motion for summary disposition and granting summary disposition in favor of defendant, Charter Township of West Bloomfield.  We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of disagreements related to the approval and inspection of various renovation projects at plaintiff's home in West Bloomfield Township, Michigan.  When plaintiff acquired the foreclosed property, it had been registered with defendant as a vacant property since June 2014 and was subject to a "Vacant Property Compliance Request" because prior inspections revealed code and ordinance violations, including the presence of mold, in the house.

After plaintiff purchased it, the property was reinspected.  The inspection revealed, among other things, the presence of mold in the home as well as other code and ordinance violations.  Subsequently, plaintiff and his contractors applied for various building permits, some of which were granted and some of which were denied for various reasons.  After some renovations on the property, plaintiff insisted that defendant inspect his property again. Defendant refused, citing a lack of evidence that plaintiff had alleviated the mold inside the home.  Defendant also stated that plaintiff had to do certain things to address the mold, which plaintiff refused to do.

In July 2015, plaintiff filed a one-count complaint, which sought a writ of mandamus or a similar order compelling defendant (1) to inspect the work completed pursuant to the issued permits, (2) lift any order stopping work because of the alleged mold violation, (3) and issue an

-1-

occupancy certificate after completing a final inspection of the work. Defendant denied that plaintiff was entitled to the relief sought and asked the trial court to dismiss plaintiff's complaint in its entirety.

In September 2015, plaintiff filed a motion for summary disposition under MCR 2.116(C)(10). He argued that the only issues in dispute were three issues of law: (1) whether the township possessed the "authority to demand mold[-]related permits, inspections, and remediation"; (2) whether the township could "lawfully refuse to perform inspections at the [property] in contravention of MCL 125.1512(1) [under the Single State Construction Code Act ('SSCCA'), MCL 125.1501 *et seq.*] until[] such time as mold permits, inspections, and remediation are performed[sic]"; and (3) whether plaintiff was entitled to a writ of mandamus compelling the township to perform the inspections as required by statute. Plaintiff maintained that there was no genuine issue of material fact; summary disposition in his favor was appropriate; and, accordingly, the trial court should order defendant to perform the statutorily required inspections, stop its unlawful demand for mold remediation, and issue an occupancy certificate after completing a final inspection of the work.[1]

In response, defendant argued that it was entitled to summary disposition under MCR 2.116(C)(10) and MCR 2.116(I)(2). It asserted that plaintiff had failed to obtain all of the necessary permits for the work that he wished to have inspected, and that additional inspections had not been performed because plaintiff had failed to show that several code violations were fixed and ready for inspection. It further argued that plaintiff was not entitled to a writ of mandamus for several reasons. Most significant to the trial court's decision and the instant appeal, defendant asserted that plaintiff had a right to appeal its decision to the construction board of appeals under MCL 125.1514(1), such that plaintiff was unable to establish all of the necessary elements for a writ of mandamus. Therefore, defendant argued that the trial court should deny plaintiff's motion for summary disposition and, instead, grant summary disposition in its favor. Plaintiff countered defendant's claims in his reply and continued to maintain that the work at the property was ready for inspection.[2]

After holding a hearing, the trial court denied plaintiff's motion for summary disposition and granted summary disposition in favor of defendant pursuant to MCR 2.116(I)(2). The trial court concluded that plaintiff had failed to meet the requirements for a writ of mandamus. Specifically, the court concluded that plaintiff had failed to show that there was no other available remedy, as he did, in fact, have a legal remedy under MCL 125.1514. Accordingly, the trial court dismissed plaintiff's entire complaint with prejudice. Plaintiff later filed a motion to

---

[1] Subsequently, defendant filed a motion to conduct an air quality inspection of the property, which plaintiff opposed. After holding a hearing, the trial court granted the motion and ordered the testing to be performed at defendant's expense.

[2] Defendant later filed an amended response and counter-motion for summary disposition, which incorporated its previous arguments and argued that the case was now moot in light of inspections that were performed while the case was pending. Plaintiff filed a reply that contested defendant's mootness argument.

correct the judgment, arguing that the trial court erroneously dismissed his claims with prejudice, which the trial court denied.

Plaintiff filed a claim of appeal with this Court in November 2015. During oral argument, the parties agreed that plaintiff filed an appeal with the construction board of appeals after he filed the appeal in this Court. Plaintiff lost his appeal before the construction board of appeals.

## II. WRIT OF MANDAMUS

Plaintiff argues that he established the requirements for a writ of mandamus and that the trial court improperly granted summary disposition in favor of defendant on that issue. We agree with defendant that this issue is now moot. In *People v Richmond*, 486 Mich 29, 34-35; 782 NW2d 187 (2010), reh granted in part 486 Mich 1041 (2010), amended by 784 NW2d 204 (2010), the Michigan Supreme Court provided an overview of the mootness doctrine:[3]

> It is well established that a court will not decide moot issues. This is because it is the "principal duty of this Court . . . to decide actual cases and controversies." *Federated Publications, Inc v City of Lansing*, 467 Mich 98, 112; 649 NW2d 383 (2002), citing *Anway v Grand Rapids R Co*, 211 Mich 592, 610; 179 NW 350 (1920). That is, " '[t]he judicial power . . . is the right to determine actual controversies arising between adverse litigants, duly instituted in courts of proper jurisdiction.' " *Anway*, 211 Mich at 616 (citation omitted). *As a result, "this Court does not reach moot questions or declare principles or rules of law that have no practical legal effect in the case before"* it. *Federated Publications*, 467 Mich at 112. Although an issue is moot, however, it is nevertheless justiciable if "the issue is one of public significance that is likely to recur, yet evade judicial review." *Id*. It is " 'universally understood . . . that a moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, . . . *or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy.' "* *Anway*, 211 Mich at 610, quoting *Ex parte Steele*, 162 F 694, 701 (ND Ala, 1908). *Accordingly, a case is moot when it presents "nothing but abstract questions of law which do not rest upon existing facts* or rights." *Gildemeister v Lindsay*, 212 Mich 299, 302; 180 NW 633 (1920).

> In general, because reviewing a moot question would be a " 'purposeless proceeding,' " *Stern v Stern*, 327 Mich 531, 534; 42 NW2d 737 (1950) (citation omitted), appellate courts will sua sponte refuse to hear cases that they do not have the power to decide, including cases that are moot, *In re MCI Telecom Complaint*, 460 Mich 396, 434 n 13; 596 NW2d 164 (1999), citing *Ideal Furnace Co v Int'l Molders Union of North America*, 204 Mich 311; 169 NW 946 (1918).[2]

---

[3] Although *Richmond* is a criminal case, the Court's reliance on civil caselaw for each proposition demonstrates that this overview is equally applicable in civil cases.

Whether a case is moot is a threshold issue that a court addresses before it reaches the substantive issues of the case itself. *In re MCI*, 460 Mich at 435 n 13. [Emphasis added.]

---

[2] Indeed, because a court should, on its own motion, recognize and reject claims that it does not have the power to decide, defendant's failure to raise the mootness argument at the Court of Appeals is irrelevant to this Court's analysis. See *In re MCI*, 460 Mich at 434-435 n 13.

---

See also *AFT Michigan v State of Michigan*, 315 Mich App 602, ___; ___ NW2d ___ (2016) (Docket Nos. 303702, 303704, 303706); slip op at 6-7.

If we were to issue a decision determining whether the trial court erred in dismissing plaintiff's request for a writ of mandamus based on the fact that plaintiff had failed to pursue his administrative remedies with the construction board of appeals at that time, that decision would constitute "a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy." *Richmond*, 486 Mich at 34-35 (quotation marks and citation omitted). Plaintiff now has performed the task that served as the basis of the trial court's dismissal of his complaint, resulting in a separate factual and procedural record outside of our consideration on appeal. See *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002) ("This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal.").

Thus, we hold that this issue is moot, and we are unable to grant plaintiff's requested relief.[4]

### III.  DISMISSAL OF ADDITIONAL CLAIMS

Next, plaintiff argues that his complaint sought more than just a writ of mandamus, and that the trial court improperly dismissed the complaint without considering those claims. We disagree.

### A.  STANDARD OF REVIEW

---

[4] Even if we were to agree with plaintiff that this issue is not moot, we would conclude that the trial court's grant of summary disposition was proper. At a minimum, we agree with the trial court that plaintiff failed to establish the fourth element required to obtain a writ of mandamus, see *Rental Properties Owners Ass'n of Kent Co v Kent Co Treasurer*, 308 Mich App 498, 518; 866 NW2d 817 (2014), given his ability to appeal defendant's "decisions" related to the SSCCA to the construction board of appeals in accordance with MCL 125.1514(1). Notably, plaintiff's ability to pursue such an appeal is confirmed by the fact that plaintiff actually did so following the trial court's dismissal of his complaint. See also generally *Cummins v Robinson Twp*, 283 Mich App 677, 699; 770 NW2d 421 (2009) (discussing a plaintiff's opportunity to appeal an adverse decision to the construction board of appeals).

"Decisions involving the meaning and scope of pleadings are reviewed for an abuse of discretion." *Taxpayers of Mich Against Casinos v Michigan*, 478 Mich 99, 105; 732 NW2d 487 (2007). "There are circumstances where a trial court must decide a matter and there will be no single correct outcome; rather, there may be more than one reasonable and principled outcome. The trial court abuses its discretion when its decision falls outside this range of principled outcomes." *Kincaid v Flint*, 311 Mich App 76, 94; 874 NW2d 193 (2015) (quotation marks and citation omitted).

B. ANALYSIS

"Michigan is a notice-pleading state." *Johnson v QFD, Inc*, 292 Mich App 359, 368; 807 NW2d 719 (2011). "Each allegation of a pleading must be clear, concise, and direct." MCR 2.111(A)(1). See also MCR 2.110(A) (indicating that a complaint constitutes a "pleading"). Pursuant to MCR 2.111(B)(1), a complaint must include "[a] statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend[.]" See also *Dalley v Dykema Gossett*, 287 Mich App 296, 305; 788 NW2d 679 (2010) ("[T]he primary function of a pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position.") (alteration in original). "[W]e will look beyond mere procedural labels and read the complaint as a whole when ascertaining the exact nature of a plaintiff's claims." *Johnson*, 292 Mich App at 368. Here, even if we assume that plaintiff's complaint reasonably informed defendant that it was being called on to defend against claims for declaratory and injunctive relief, summary disposition was proper.[5]

"The existence of an 'actual controversy' is a condition precedent to the invocation of declaratory relief." *Lansing Sch Ed Ass'n v Lansing Bd of Ed (On Remand)*, 293 Mich App 506, 515; 810 NW2d 95 (2011) (quotation marks and citation omitted); see also MCR 2.605(A)(1). Without "an actual controversy, the trial court lacks subject-matter jurisdiction to enter a declaratory judgment." *Id*. (quotation marks and citation omitted). "An actual controversy exists when declaratory relief is needed to guide a plaintiff's future conduct in order to preserve the plaintiff's legal rights." *Id*. Contrary to plaintiff's claim on appeal, we have held that there is no actual controversy when a plaintiff has other means to preserve his or her legal rights. See *Genesis Ctr, PLC v Fin & Ins Services Comm'r*, 246 Mich App 531, 545, 546 n 10; 633 NW2d

---

[5] Plaintiff is correct that the trial court's order does not state that it granted summary disposition in favor of defendant with regard to these specific claims. However, it does expressly state that "[d]efendant's request to dismiss the [c]omplaint in its entirety and with prejudice is GRANTED." Regardless, we review a trial court's grant of summary disposition de novo, *Harbor Watch Condo Ass'n*, 308 Mich App at 383, and "[a] trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason," *Gleason v Michigan Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003).

834 (2001).[6]  Similar to the plaintiffs in *Genesis Ctr,* plaintiff failed to establish an actual controversy in this case.  Because he had the option of pursuing an appeal with the construction board of appeals when he filed his complaint, he failed to establish that declaratory relief was necessary to preserve his legal rights.  See *id*.  See also 3 Longhofer, Michigan Court Rules Practice (6th ed), § 2605.3 ("[I]t has been held that there is no actual controversy if an administrative action is available that provides plaintiffs with the ability to preserve their legal rights.") (quotation marks omitted), citing *Genesis Ctr, PLC*, 246 Mich App 531.

For similar reasons, plaintiff's claim for injunctive relief also fails.  "Injunctive relief is an extraordinary remedy that issues only when justice requires, there is no adequate remedy at law, and there is a real and imminent danger of irreparable injury."  *Janet Travis, Inc v Preka Holdings, LLC*, 306 Mich App 266, 274; 856 NW2d 206 (2014).  Again, at the time when he filed his complaint in the trial court, plaintiff had the option of filing an appeal with the construction board of appeals, through which he could have challenged any of defendant's decisions that were *related* to the SSCCA.  Thus, plaintiff failed to establish that he did not have an adequate remedy at law.  See *Cummins*, 283 Mich App at 699 (explaining the subsequent appeals available following an adverse decision related to the SSCCA); see also generally *Schantz v Ruehs*, 348 Mich 680, 683; 83 NW2d 587 (1957) ("It is the general rule that where there is an adequate and complete remedy at law, a court of equity will not take jurisdiction."). Further, plaintiff failed to state any allegations in his complaint, and he similarly fails to argue on appeal, that there was "a real and imminent danger of irreparable injury."  *Janet Travis, Inc*, 306 Mich App at 274; see also *Sch Dist of Royal Oak v Mich State Tenure Comm*, 367 Mich 689, 693; 117 NW2d 181 (1962) ("Equity should not be used to obtain injunctive relief where there is no proof that complainant would suffer irreparable injury.").

Thus, the trial court properly granted summary disposition on all of plaintiff's claims.

## IV. DISMISSAL WITH PREJUDICE WITHOUT LEAVE TO AMEND

Lastly, plaintiff argues that the trial court erred by dismissing his claims with prejudice and by failing to grant leave to amend the complaint.  We disagree.

## A.  STANDARD OF REVIEW

We review for an abuse of discretion a trial court's decision on a motion for leave to amend a complaint.  *Kincaid*, 311 Mich App at 94.  Whether summary disposition should be

---

[6]  In *Genesis Ctr, PLC*, 246 Mich App at 545, we held that the "[p]laintiffs failed to prove an actual controversy because the provider plan review process set out in MCL 550.1509 through 550.1518 provides plaintiffs with the ability to preserve their legal rights."  We also concluded that, "where the commissioner is performing the statutory duty to review [Blue Cross and Blue Shield of Michigan's] provider class plan and to consider plaintiffs' concerns with respect to the plan, no order by the trial court is necessary to guide the parties' conduct or preserve plaintiffs' rights."

granted with or without prejudice is a question of law, which we review *de novo*. See *Rinke v Auto Moulding Co*, 226 Mich App 432, 439; 573 NW2d 344 (1997).

## B. ANALYSIS

A trial court's decision as to whether dismissal should be granted "with or without prejudice, by definition, determines whether a party may refile a claim or whether the claim is permanently barred." *ABB Paint Finishing, Inc v Nat'l Union Fire Ins Co*, 223 Mich App 559, 562; 567 NW2d 456 (1997). Consequently, "in deciding whether dismissal should be with or without prejudice, the trial court should consider whether the doctrine of res judicata would bar subsequent actions involving the same claim." *Id*. "[S]ummary judgment is the procedural equivalent of a trial and is a judgment on the merits which bars relitigation on principles of res judicata." *Capital Mtg Corp v Coopers & Lybrand*, 142 Mich App 531, 536; 369 NW2d 922 (1985). "Where a trial court dismisses a case on the merits, the plaintiff should not be allowed to refile the same suit against the same defendant and dismissal should therefore be with prejudice." *ABB Paint Finishing, Inc*, 223 Mich App at 563.

Here, the trial court granted summary disposition because plaintiff could not establish one of the requirements for a writ of mandamus. As a result, because the trial court's decision was on the merits, see *Capital Mtg Corp*, 142 Mich App at 536, it did not err when it dismissed the case with prejudice.[7]

A trial court's decision to grant summary disposition does not preclude a plaintiff from requesting leave to amend the complaint. See *Weymers v Khera*, 454 Mich 639, 658; 563 NW2d 647 (1997); *ABB Paint Finishing, Inc*, 223 Mich App at 564. As the Michigan Supreme Court explained in *Weymers*, 454 Mich at 658:

> If a court grants summary disposition pursuant to MCR 2.116(C)(8), (9), or (10), the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the amendment would be futile. MCR 2.116(I)(5). MCR 2.118(A)(2) provides that leave to amend a pleading "shall be freely given when justice so requires." Under subrule A(3), the court can order the amending party to compensate the opposing party for the additional expense caused by the late amendment, including reasonable attorney fees.
>
> A motion to amend ordinarily should be granted, and should be denied only for the following particularized reasons:

---

[7] Plaintiff's concern that trial court's dismissal precludes future judicial review is misplaced. Notably, the trial court's ruling was not on the merits in terms of whether defendant's decisions were proper. Rather, it was based on the fact that plaintiff had failed to establish that he was entitled to a writ of mandamus at that time. Similarly, to the extent that plaintiff requested declaratory judgment and injunctive relief, the trial court properly dismissed plaintiff's complaint on the merits given plaintiff's failure to establish that he was entitled to such relief.

"[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [and 5] futility . . . ." [[*Ben P Fyke & Sons, Inc v Gunter Co*, 390 Mich 649, 656; 213 NW2d 134 (1973).]]

A plaintiff must submit their proposed amended complaint, or a clear statement of the amended claim, to the trial court. See *Anton, Sowerby & Assoc, Inc v Mr C'S Lake Orion, LLC*, 309 Mich App 535, 551-552; 872 NW2d 699 (2015). "If a plaintiff does not present its proposed amended complaint to the court, there is no way to determine whether an amendment is justified." *Id.* at 551; see also *Liggett Restaurant Group, Inc v City of Pontiac*, 260 Mich App 127, 138-139; 676 NW2d 633 (2003). A trial court does not abuse its discretion when it denies a motion to amend that does not include "the proposed complaint in writing or a clear statement of [the] plaintiff's claim . . . ." See *Anton, Sowerby & Assoc, Inc*, 309 Mich App at 551-552.

In his motion to correct the judgment, plaintiff generally argued that leave to amend should be freely granted, and he cursorily argued that leave to amend would not be futile in this case. However, he never provided a clear statement of a proposed amendment in conjunction with his motion or during his argument at the motion hearing. Thus, there was no way for the trial court to determine whether an amendment to the complaint would be justified or futile. Accordingly, the trial court did not abuse its discretion when it failed to grant plaintiff leave to amend his complaint. *Id*.

## V. CONCLUSION

Plaintiff has failed to demonstrate that any of his claims warrant relief.

Affirmed.

/s/ David H. Sawyer
/s/ Henry William Saad
/s/ Michael J. Riordan

-8-