*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HOME-OWNERS INSURANCE COMPANY,

        Plaintiff/Counterdefendant-
        Appellee/Cross-Appellant,

v

NANCY PERKINS, also known as NANCEY
PERKINS,

        Defendant/Counterplaintiff-
        Appellant/Cross-Appellee.

FOR PUBLICATION
June 11, 2019
9:00 a.m.

No. 344926
Cass Circuit Court
LC No. 16-000673-CK

Before: BECKERING, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM

In this insurance dispute, defendant, Nancy Perkins, appeals by right the trial court's order dismissing plaintiff Home-Owners Insurance Company's claim against her and the order dismissing her counterclaim against plaintiff. Plaintiff cross-appeals the trial court's order dismissing its claim against defendant. At issue in this fire damage case is the proper interpretation of MCL 500.2833(1)(q) and its impact on the viability of each party's claim. For the reasons set forth below, we affirm.

## I. RELEVANT FACTS AND PROCEEDINGS

The underlying facts are not in dispute. Plaintiff issued a homeowners insurance policy to defendant for accidental loss and damage to property located at 61038 Front St. in Niles, Michigan. The policy term was from December 6, 2014 to December 6, 2015 and included coverage of $129,000 on her dwelling, $90,300 on her personal property, and $32,500 for additional living expense, and further coverages for debris removal at the property location. On March 4, 2015, fire substantially destroyed defendant's home and personal possessions. She immediately notified plaintiff of her loss. Subsequently, she prepared and submitted an inventory of her personal possessions based on her best guess of the age and purchase price of the items she could recall being in her house, and she submitted a proof of loss based on this inventory. On August 28, 2015, plaintiff wrote a letter to defendant formally denying her

-1-

insurance claim, alleging that she had committed arson, misrepresented facts in her claim of loss, and failed to comply with other provisions in the fire insurance policy. Plaintiff mailed the letter to defendant in care of her attorney at the time, James Jesse. Plaintiff sent the letter by certified mail, and Jeannette Jesse signed for it on September 11, 2015. Defendant averred in an affidavit submitted to the trial court that she did not receive plaintiff's denial letter.

On October 5, 2016, plaintiff filed suit against defendant, alleging that defendant breached the insurance contract by submitting a claim that was "knowingly inaccurate and grossly exaggerated," by failing to comply with certain terms of the contract, and by concealing material facts and circumstances surrounding her loss "as part of an effort to fraudulently induce" plaintiff to pay her claim. Because of these alleged breaches, plaintiff asserted, it had been obligated to pay $56,700 to Fifth-Third Bank, the mortgagee of defendant's house. Plaintiff sought a judgment against defendant for $56,700.

On February 6, 2017, defendant filed an answer denying plaintiff's allegations. Along with her answer, she filed a counterclaim alleging that plaintiff had breached the policy of insurance by wrongfully denying her claim for coverage under the policy after the fire. She sought the full benefits due under the policy, as well as 12 percent statutory interest pursuant to MCL 500.2006.[1]

Plaintiff filed an answer and affirmative defenses to the counterclaim, and on April 10, 2017, a motion for summary disposition pursuant to MCR 2.116(C)(7) (statute of limitations). In its supporting brief, plaintiff argued that the applicable statute of limitations found in the policy and in MCL 500.2833(1)(q) barred defendant's counterclaim.[2] MCL 500.2833(1) mandates the contents required in every fire insurance policy issued or delivered in Michigan. Subsection (q) requires fire insurance policies to contain a provision declaring:

> That an action under the policy may be commenced only after compliance with the policy requirements. An action must be commenced within 1 year after the loss or within the time period specified in the policy, whichever is longer. The time for commencing an action is tolled from the time the insured notifies the insurer of the loss until the insurer formally denies liability.

In purported compliance with this statutory mandate, the fire insurance policy plaintiff issued to defendant contains an amendment to its property protection section that the parties refer to as the "suit against us" provision and that states:

---

[1] MCL 500.2006(4) provides in relevant part:

> If benefits are not paid on a timely basis, the benefits paid bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum, if the claimant is the insured or a person directly entitled to benefits under the insured's insurance contract.

[2] Neither party disputes the applicability of MCL 500.2833 with respect to the insurance policy at issue in this case; rather, they dispute its proper interpretation.

**We** may not be sued unless there is full compliance with all terms and conditions of this policy. **Suit** must be brought within one year after loss or damage occurs. The time for commencing a **suit** is tolled from the time **you** notify **us** of the loss or damage until **we** formally deny liability for the claim.

Plaintiff argued that defendant's claim accrued when it formally denied her claim in the August 28, 2015 letter. Under the terms of the "suit against us" provision, defendant had until August 28, 2016 to file a suit against plaintiff. Her February 2017 counterclaim was well outside this one-year period and, therefore, it was barred by the "suit against us" provision in the policy and by MCL 500.2833(1)(q).

In her response to plaintiff's motion to dismiss, defendant argued that MCL 500.2833(1)(q) referred to all actions under the policy, not just actions filed by the insured. Thus, to comply with the statute, the one-year period in the "suit-against-us" provision had to be interpreted to apply to both plaintiff and defendant, and by filing its own suit after the statute of limitations expired, plaintiff had intentionally waived the statute of limitations defense with respect to defendant's claim. Defendant argued in the alternative that even if the "suit-against-us" provision is properly interpreted to apply only to insureds, the trial court should estop plaintiff from enforcing the one-year limitations period because plaintiff purposefully waited until the period had expired before suing her. This delay was clearly prejudicial to defendant because it deprived her of the knowledge that plaintiff had denied her claim, and thus, prevented her from filing suit during the one-year period. Defendant contended that estoppel by laches applied regardless of whether plaintiff's delay was intentional or merely dilatory.

In reply, plaintiff asserted that the language in MCL 500.2833(1)(q), as well as that of the "suit against us" provision, applied only to the insured. Plaintiff did not address defendant's waiver argument, but argued that defendant could not use the doctrine of estoppel to circumvent the clear and unambiguous language of the fire insurance policy, and the court certainly could not use estoppel to reform a statute. Finally, plaintiff argued that if the court determined that the language in the statute applied to both the insurer and the insured, then the remedy was to dismiss both actions.

The parties' arguments at the June 5, 2017 hearing on plaintiff's motion for summary disposition were consistent with their briefs. Ruling from the bench, the trial court found that plaintiff had notified defendant of the denial of her claim by sending the August 28, 2015 letter to attorney Jesse, and that it was Jesse's responsibility to deliver the denial letter to defendant. No evidence indicated that plaintiff had attempted to lull defendant into thinking it had approved her complaint until the limitations period expired. After determining that waiver and estoppel did not apply as a matter of law, the trial court granted plaintiff's motion for summary disposition of defendant's counterclaim. The court noted that the question remained whether the one-year period in the "suit against us" provision also barred plaintiff's claim, but observed that this issue was not before the court because defendant had not filed a motion for summary disposition based on the untimeliness of plaintiff's complaint. The court entered a corresponding order on June 16, 2017.

Subsequently, defendant filed two motions for reconsideration, both of which the trial court denied.[3] Defendant also filed motions seeking permission to present to the jury the evidence supporting her counterclaim or, alternatively, to adjourn the trial so defendant could pursue appellate review of the trial court's order granting plaintiff summary disposition of her counterclaim. The trial court granted defendant's alternative relief and adjourned the trial, but defendant was unsuccessful in her delayed application for leave to appeal in this Court. *Home-Owners Ins Co v Nancy Perkins*, unpublished order of the Court of Appeals, issued April 10, 2018 (Docket No. 340933).

After this Court denied her application, defendant filed a renewed motion to submit to the jury proof of her counterclaim as well as the waiver issue. At the end of the hearing on defendant's motion, the trial court indicated that it had repeatedly encouraged defendant to file a motion for summary disposition to put the question of whether MCL 500.2833(1)(q) applied to insurers as well as insureds squarely before the court, but defendant had not. The trial court denied defendant's renewed motion, but it ruled that MCL 500.2833(1)(q) applies to actions by both insurers and insureds. Because plaintiff had filed its complaint after the one-year limitations period, the court dismissed plaintiff's claim sua sponte.

## II. ANALYSIS

### A. STANDARDS OF REVIEW

We review de novo questions of statutory interpretation, *Allstate Ins Co v State Farm Mut Auto Ins Co*, 321 Mich App 543, 550; 909 NW2d 495 (2017), as well as the interpretation of clear contractual language, *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 366-367; 817 NW2d 504 (2012). "Waiver is a mixed question of law and fact. The definition of waiver is a matter of law, but whether the facts of a particular case constitute a waiver is a question of fact." *Sweebe v Sweebe*, 474 Mich 151, 154; 712 NW2d 708 (2006). "We review for clear error a trial court's findings of fact and review de novo its conclusions of law." *Reed Estate v Reed*, 293 Mich App 168, 173; 810 NW2d 284 (2011). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Id*. at 174-175 (quotation marks and citation omitted). We also review de novo a trial court's decision whether to apply equitable doctrines such as laches. *Knight v Northpointe Bank*, 300 Mich App 109, 113; 832 NW2d 439 (2013).

### B. LIMITATIONS PERIOD

In their respective appeals, the parties dispute the proper interpretation of MCL 500.2833(1)(q) and whether its time period for filing claims applies only to actions by insureds,

---

[3] In its order denying defendant's second motion for reconsideration, the trial court again noted that plaintiff had filed its complaint after the one-year period and that whether plaintiff could proceed on its complaint was not before the court because defendant had not filed a motion for summary disposition.

as contended by plaintiff, or whether it applies to all actions under the policy including those by insurers, as contended by defendant. This issue presents a matter of first impression. Based on the plain language of the statute, we conclude that defendant is correct.

According to MCL 500.2833(1), "[e]ach fire insurance policy issued or delivered in this state shall contain the following provisions:"

> That an action under the policy may be commenced only after compliance with the policy requirements. An action must be commenced within 1 year after the loss or within the time period specified in the policy, whichever is longer. The time for commencing an action is tolled from the time the insured notifies the insurer of the loss until the insurer formally denies liability. [MCL 500.2833(1)(q).]

"The primary goal of statutory interpretation is to give effect to the intent of the Legislature." *Allstate Ins Co*, 321 Mich App at 551 (quotation marks and citation omitted). The first criterion in determining intent is the specific language of the statute. *United States Fidelity Ins & Guaranty Co v Mich Catastrophic Claims Ass'n*, 484 Mich 1, 13; 795 NW2d 101 (2009). Courts presume the Legislature to have intended the meaning it plainly expressed. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *Allstate Ins Co*, 321 Mich App at 551 (quotation marks and citation omitted). "A court may go beyond the statutory text to ascertain legislative intent only if an ambiguity exists in the language of the statute. But a statutory provision is ambiguous only if it irreconcilably conflicts with another provision or is equally susceptible to more than a single meaning." *Id*. at 551-552 (citations omitted).

MCL 500.2833(1)(q) provides that "*an action* under the policy may be commenced . . .", that "[*a*]*n action* must be commenced within 1 year after the loss . . .", and that "[t]he time for commencing *an action* is tolled . . . ." (Emphasis added.) "An" is an indefinite article, which can signify "any," *Meriam-Webster's Collegiate Dictionary* (11th ed), p 1, 43, and "action" refers generally to "any civil or criminal proceeding," *Black's Law Dictionary* (10th ed), p 35. Accordingly, with respect to the instant dispute, "an action" signifies any civil proceeding brought under the policy. Nothing in the plain language of MCL 500.2833(1)(q) narrows the meaning of "an action" to only those civil proceedings brought by the insured. Further, "an action" is not "equally susceptible" to more than a single meaning, such as "certain actions" or "the action," nor does interpreting "an action" as "any civil proceeding" irreconcilably conflict with other provisions in the statute. Thus, no ambiguity exists in the language of the statute. See *Allstate Ins Co*, 321 Mich App at 551-552. Hence, the statute plainly means that any civil action under the fire insurance policy may be commenced only after compliance with the policy's requirements, and it must be commenced within one year after the loss (unless the policy specifies a longer time period), with due consideration taken for any period of tolling. Given its plain expression, this is presumably the intent of the Legislature. *Joseph*, 491 Mich at 206.

Plaintiff contends that we should interpret MCL 500.2833 to mean the same thing as its predecessor statute, MCL 500.2832.[4]  MCL 500.2832 stated in relevant part, "No suit or action on this policy *for the recovery of any claim* shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." (Emphasis added.)  Plaintiff maintains that only insureds file claims and suits or actions for recovery of their claims, so one should interpret "an action" in MCL 500.2833 as "an action for recovery of any claim."  We disagree.

"[A] change in statutory language is presumed to reflect either a legislative change in the meaning of the statute itself or a clarification of the original legislative intent."  *Bush v Shabahang*, 484 Mich 156, 169-170; 772 NW2d 272 (2009), citing *Lawrence Baking Co v Unemployment Compensation Comm*, 308 Mich 198, 205; 13 NW2d 260 (1944).  Accordingly, this Court "cannot assume that the change means nothing at all."  *Bush*, 484 Mich at 170.  The Legislature repealed MCL 500.2832 and replaced it with MCL 500.2833, changing the relevant language from "suit or action on this policy for the recovery of any claim" to "an action under the policy."  As indicated above, applying the principles of statutory construction to "an action under the policy" results in the meaning of "any civil proceeding under the policy," a phrase that includes, but is broader than, a "suit or action . . . for the recovery of any claim."  Assuming that the change in language from § 2832 to § 2833 means something, and that the Legislature intends the meaning plainly expressed in § 2833, it cannot then reasonably be maintained that "an action under the policy" means the same thing as a "suit or action on this policy for the recovery of any claim."  *Bush*, 484 Mich at 170; *Joseph*, 491 Mich at 206.

Plaintiff also contends that allowing a party to bring an action "only after *compliance with the policy requirements*" is another clue that MCL 500.2833(1)(q) refers only to insureds, since only insureds have policy requirements with which they must comply before filing an action.  This assertion is belied by the case at bar.  Plaintiff asserts in its complaint that it was "obligated" to pay $56,700 to Fifth-Third Bank, defendant's mortgagee, and that it is bringing this action as a subrogee of the bank.  These assertions illustrate that there were policy-based requirements plaintiff had to fulfill before it could file suit against defendant.  Specifically, according to the mortgage clause in the fire insurance policy, plaintiff had to "pay the mortgagee any sum for loss under this policy."  Only then would plaintiff meet the requirements set forth in the policy that allowed it to sue defendant as the bank's subrogee.  Thus, plaintiff also had policy requirements to comply with before it could bring this civil proceeding against defendant.

Plaintiff next argues that interpreting the policy and the statute to apply the limitations period to insurers would be illogical for two reasons.  The first reason is essentially that such interpretation would contradict the understanding plaintiff has of the statute's meaning.  We addressed the interpretation of MCL 500.2833(1)(q) above.  The second reason is that "there are situations where an insurer's cause of action would accrue outside that time."  In light of the tolling period from the time the insured notifies the insurer of the loss until the insurer formally denies liability, it is not clear that plaintiff is correct in this assertion.  Even so, this is not a

---

[4] 1990 PA 305 repealed MCL 500.2832 and replaced it with MCL 500.2833.  The repeal of § 2832 took effect on January 1, 1992.

reason to read into the statute a restriction contrary to the language of the statute. The plain language of MCL 500.2833(1)(q) applies to "an action" without distinguishing between whether the insured or the insurer files the action. Where, as here, "the language of the statute is clear, we presume the Legislature intended the meaning it expressed." *Reynolds v Bureau of State Lottery*, 240 Mich App 84, 87; 610 NW2d 597 (2000). Further, that MCL 500.2832 applied the limitations period to suits "for the recovery of any claims" under the policy signifies that the Legislature knew how to restrict applicability of the limitations period in the current statute to insureds, had it elected to do so. See *Inter Co-op Council v Tax Tribunal Dep't of Treasury*, 257 Mich App 219, 228-227; 668 NW2d 181 (2003) (explaining that the Legislature is presumed to be aware of the principles of statutory construction and to know of existing laws on the same subject when it enacts new laws). It did not, and this Court "may not rewrite the plain language of the statute and substitute [its] own policy decisions for those already made by the Legislature." *McGhee v Helsel*, 262 Mich App 221, 226; 686 NW2d 6 (2004).

In the instant matter, the "suit against us" provision in the fire insurance policy set forth a one-year limitations period applicable only to actions brought by the insured. As defendant correctly argues, this is contrary to the mandate set forth in MCL 500.2833(1)(q). Therefore, the "suit against us" provision is absolutely void. MCL 500.2860.[5] When a provision in a fire insurance policy is absolutely void, the relevant statutorily mandated provision takes its place. *Randolph v State Farm Fire & Cas Co*, 229 Mich App 102, 105-107; 580 NW2d 903 (1998); see also *Jimenez v Allstate Indem Co*, 765 F Supp 2d 986, 994-995 (ED Mich, 2011).[6] Consequently, the one-year period of limitation, with tolling, provided for by MCL 500.233(1)(q) should be read into defendant's fire insurance policy. *Id*. Because both parties filed their actions after the applicable time period set forth in MCL 500.2833(1)(q), both of their actions were subject to dismissal pursuant to MCR 2.116(C)(7) unless any of defendant's equitable arguments have merit, which we will address in turn.[7]

## C. WAIVER

Defendant contends that plaintiff's filing its complaint beyond the one-year limitation period constituted an offer to waive enforcement of the limitation period and to litigate the insurance policy, and that her filing a counterclaim constituted acceptance of plaintiff's offer. Thus, according to defendant, the parties mutually modified the insurance policy to waive the one-year limitations period. Plaintiff denies having waived the one-year limitation period and

---

[5] According to MCL 500.2860, "[a]ny provision of a fire insurance policy, which is contrary to the provisions of this chapter, shall be absolutely void, and an insurer issuing a fire insurance policy containing any such provision shall be liable to the insured under the policy in the same manner and to the same extent as if the provision were not contained in the policy."

[6] The decisions of lower federal courts are not binding on this Court, but they may be persuasive. *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004).

[7] Although plaintiff does not raise it as an issue, given its interpretation of MCL 500.2833(1)(q), we find no fault in the trial court's decision to summarily dismiss plaintiff's action without a formal motion being filed by defendant. MCR 2.116(I)(1).

contends that if MCL 500.2833(1)(q) is interpreted to apply to both parties, the proper result is dismissal of both claims.

An insurance policy is "subject to the same contract construction principles that apply to any other species of contract." *Rory v Continental Ins. Co.*, 473 Mich 457, 461; 703 NW2d 23 (2005). "[U]nless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written." *Id*. Traditional defenses include waiver and estoppel. *Id*. at 470 n 23.

A waiver is "an intentional and voluntary relinquishment of a known right." *Moore v First Sec Cas Co*, 224 Mich App 370, 376; 568 NW2d 841 (1997). "[A] valid waiver may be shown by express declarations or by declarations that manifest the parties' intent and purpose, or be an implied waiver evidenced by a party's decisive, unequivocal conduct reasonably inferring the intent to waive." *Patel v Patel*, 324 Mich App 631, 634; 922 NW2d 647 (2018) (quotation marks and citations omitted). "Mutuality is the centerpiece to waiving or modifying a contract," and "a party alleging a waiver or modification must establish a mutual intention of the parties to waive or modify the original contract." *Quality Prod & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 364, 372; 666 NW2d 251 (2003). "This mutuality requirement is satisfied where a waiver or modification is established through clear and convincing evidence of a written agreement, oral agreement, or affirmative conduct establishing mutual agreement to modify or waive the particular original contract." *Id*. at 364-365. When a party "relies on a course of conduct to establish waiver or modification, the law of waiver directs our inquiry and the significance of written modification and anti-waiver provisions regarding the parties' intent is increased." *Id*. at 365. "Mere knowing silence generally cannot constitute waiver." *Id*. "The party asserting the waiver bears the burden of proof." *Cadle v City of Kentwood*, 285 Mich App 240, 255; 776 NW2d 145 (2009).

Defendant does not contend that the parties expressly waived the one-year limitations period in the fire insurance policy. Rather, the gravamen of her argument is that by filing its complaint beyond the limitations period, plaintiff signaled its intent to waive the limitation period and to litigate the fire insurance policy. As support for this position, defendant relies on *Capital Mtg Corp v Coopers & Lybrand*, 142 Mich App 531; 369 NW2d 922 (1985), which entailed a lawsuit arising out of the defendant-accounting firm's failure during a routine audit to detect embezzlement perpetrated by employees of the plaintiff-mortgage company. Defendant's reliance is misplaced.

During the course of the dispute underlying *Capital Mtg Corp*, the trial court granted the accounting firm's motion to add the insurer of the plaintiff-mortgage company to the dispute as a party plaintiff. *Capital Mtg Corp*, 142 Mich App at 534. After a jury returned a verdict in favor of the plaintiffs, the accounting firm asserted that it was entitled to arbitrate its liability to the insurer pursuant to a decades-old agreement between the accounting firm and a company whose obligations the insurer had assumed in a merger. *Id*. The trial court agreed and ordered the matter to arbitration. *Id*. at 534. The insurer appealed the trial court's order, and this Court concluded that the accounting firm's actions constituted an implied waiver of the arbitration agreement and reversed the trial court's order. *Id*. at 536. The Court stated that a waiver is implied "when a party actively participates in litigation or acts in a manner inconsistent with its right to proceed to arbitration." *Id*. at 535. The Court reasoned that the purpose of the

-8-

arbitration agreement between the accounting firm and the insurer was to "avoid insurer-accountant lawsuits," but the accounting firm disavowed that purpose by bringing the insurer into its lawsuit with the mortgage company and by filing a motion for summary judgment, which "indicate[d] an election to proceed other than by arbitration." *Id*. at 536.

Defendant argues that, just as the accounting firm in *Capital Mtg Corp* revoked the arbitration agreement by joining the insurer to the underlying lawsuit, so also plaintiff revoked the one-year limitation period by filing its complaint beyond the limitation period. Defendant's analogy is inapt because plaintiff did not act inconsistently with the rights afforded it by its insurance contract with defendant. In *Capital Mtg Corp*, by acting contrary to its right under the arbitration agreement, the accounting firm impliedly rejected the agreement and waived the right to arbitrate. In the case at bar, the "suit against us" provision in the insurance policy did not limit the time in which plaintiff could sue, albeit in contravention to MCL 500.2833(1)(q). Thus, when plaintiff filed its complaint against defendant, it was not disavowing any clause in the contractual agreement it had with defendant and thereby inviting defendant to do the same. Thus, *Capital Mtg Corp* does not compel us to conclude that by filing a complaint outside the limitation period, plaintiff revoked its right to enforce the limitation period against defendant.

Defendant next argues that whether plaintiff intended to waive the limitations period by filing an untimely complaint should at least be a question of fact for the jury to resolve. However, apart from the fact that plaintiff filed its complaint more than a year after denying defendant's claim, defendant points to no record evidence from which a jury could reasonably infer plaintiff's intent to waive. See *Patel*, 324 Mich App at 634. In fact, copious record evidence clearly indicates plaintiff's intent not to waive, not the least of which is plaintiff's acknowledgement against its own interest that if insurers are subject to the one-year limitations period, then the limitations period bars its complaint; and, for that matter, defendant's assertion that plaintiff waited to file its suit in order to sandbag her until after her right to sue expired. In sum, although defendant may be eager to dispense with the one-year limitations period so as to save her counterclaim, she cannot do so unilaterally and she has not met her burden to establish by clear and convincing evidence a mutual intent to waive the limitations period. See *Quality Prod & Concepts Co*, 469 Mich at 372; *Cadle*, 285 Mich App at 255.

D. ESTOPPEL

Finally, defendant contends that plaintiff's delay in filing suit prejudiced her by depriving her of the opportunity to learn that plaintiff had denied her insurance claim and, consequently, of her opportunity to timely file a counterclaim. Accordingly, plaintiff should be estopped from enforcing the one-year limitation period to bar her counterclaim. We disagree.

"Estoppel by laches is the failure to do something which should be done under the circumstances or the failure to claim or enforce a right at the proper time." *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 537; 847 NW2d 657 (2014). "To successfully assert laches as an affirmative defense, a defendant must demonstrate prejudice occasioned by the delay." *Id*. at 538. Typically, "[l]aches is an equitable tool used to provide a remedy for the inconvenience resulting from a plaintiff's delay in asserting a legal right that was practicable to assert. *Knight*, 300 Mich App at 115. A party "guilty of laches" is "estopped" from asserting a right it could

have and should have asserted earlier. See *Presque Isle Co v Presque Isle Co Savings Bank*, 315 Mich 479, 489; 24 NW2d 186 (1946).

As the trial court found, the record establishes that plaintiff did not deny defendant an opportunity to learn that her insurance claim had been denied in time to file her own suit. Plaintiff sent a denial letter dated August 28, 2015 to defendant in care of her then-attorney, whose office signed for the letter on September 11, 2015. At that point, the responsibility fell to defendant's attorney to pass the letter along to defendant. That he apparently did not may give defendant cause to raise concerns about her attorney, but it does not support her laches argument. Even if defendant's attorney did not pass the denial letter along to her, defendant was aware that she had heard nothing from the insurance company and had received no insurance money; nevertheless, she slept on her right to seek enforcement of the policy for over a year.

Defendant intimates that plaintiff intentionally delayed in filing its lawsuit in order to prevent her from timely filing her own action within the one-year limitation period. However, plaintiff's failure to file its action under the policy in no way prevented defendant from filing her own action under the policy. In any event, it is apparent from the "suit against us" clause in the insurance policy that plaintiff did not deem itself bound by the limitations period set forth in MCL 500.2833(1)(q). Accordingly, the untimely filing of plaintiff's complaint is not evidence of plaintiff's intent to delay.

Finally, assuming for the sake of argument that laches does apply, the remedy would be to estop plaintiff from asserting its subrogee claim against defendant, not to ignore enforcement of the limitations period. See *Lothian v City of Detroit*, 414 Mich 160, 175; 324 NW2d 9 (1982) (stating that laches is "a cut-off measure, interposed as a defense designed to lay to rest claims which are stale as well as prejudicial to the defendant"). Defendant cites no authority for the proposition that when a party sleeps on one right, estoppel by laches operates to prevent that party from asserting a different right, one on which the party has not slept. See MCR 7.212(C)(7); *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 626; 750 NW2d 228 (2008) (noting that appellants must support their arguments by citation to appropriate authority).

### III. CONCLUSION

The "suit against us" provision in the fire insurance policy does not comply with MCL 500.2833(1)(q) because it purports to apply only to the insured. The limitation regarding the commencement of actions set forth in MCL 500.2833(1)(q) applies to both insureds and insurers. Because both parties filed their claims after the limitations period set forth in MCL 500.2833(1)(q), which must be read into the insurance policy, neither party's claim was timely. And because defendant's waiver and estoppel arguments lack merit, the trial court did not err in dismissing both parties' actions.

Affirmed.

/s/ Jane M. Beckering
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens

-10-